In re Patricia Scott DAUGHERTY, Debtor.

AMERICAN NATIONAL BANK & TRUST COMPANY, OF CHATTANOOGA, TENNESSEE, Plaintiff,

v.

Patricia Scott DAUGHERTY, Defendant.

Bankruptcy No. 1–84–01729.
Adv. No. 1–84–0307.

United States Bankruptcy Court,
E.D. Tennessee.

Dec. 27, 1985.

Robert D. Hale, Chattanooga, Tenn., for plaintiff.

Charles P. Dupree, Chattanooga, Tenn., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

This is an action by the plaintiff Bank to have the defendant debtor held liable for a debt not dischargeable in her bankruptcy case. The complaint is based on a credit card charging spree. The court finds the facts as follows.

The debtor had a Mastercard credit card for several years before April 11, 1984. At that time, her credit limit was $1300. Charges on the card totaled $676.71. The debtor had been making regular but small payments on the debt.

As a matter of policy, the lending bank generally would stop approving charges when the cardholder already owed 1.5 times the credit limit, which in this case would have been $1,950. Approval was required, however, only for charges of more than $50.

From April 11, 1984, to May 9, 1984, additional charges were made totaling $5,794.87. Many of these exceeded $50, but approval was not denied even when the total charged exceeded $1,950.00.

Obviously, this amount of charges in such a short period of time required several charges on the same day. For example, on May 8, 1984, there were apparently ten charges. On May 9, 1984, there were sixteen charges, eleven at the same charge.

Further charges on the account were supposedly cut off on May 9, 1984.

At the trial, the debtor testified that she was unemployed during the time the charges were made. She denied that she made all of the charges and in particular denied a charge on May 10, 1984, to the Elvis Presley Hall of Fame in Gatlinburg, Tennessee. However, Lyle Matthews, an employee of the Bank, visited the debtor at her residence after the charges were made. He testified that she admitted making the charges.

At the trial the debtor testified that her card was stolen in early April, 1984. However, the Bank's file reflected that it was reported stolen on May 11, 1984, after further charges were disallowed.

The debtor was still unemployed at the time of the trial on July 10, 1985, but had completed education requirements for getting her teaching certificate renewed.

### Discussion

■ In a case decided under the Bankruptcy Act of 1898, the court held that a credit card charging spree may give rise to a nondischargeable debt for obtaining credit by fraud or false pretenses. *In re McKelvy*, No. 1–78–136 (Bankr.E.D.Tenn. July 17, 1978), noted 18 C.B.C. 842. The Bankruptcy Code did not change the statute in such a way as to undo this rule. 11 U.S.C. § 523(a)(2)(A). The question is whether at the time of making the charges the debtor did not intend to pay the debt or did not have a reasonable prospect of being able to pay the debt. See, e.g., *In re Labuda*, 37 B.R. 47 (Bankr.M.D.Fla.1984); *In re Klein*, 32 B.R. 79 (Bankr.S.D.Fla. 1983).

■ The evidence did not show that the $676.71 debt owed before the charging spree began was incurred when the debtor had no reasonable prospect of paying the debt or did not intend to pay it. This portion of the debt is dischargeable.

■ The court concludes that the remaining $5,794.87 debt was the result of a charging spree during which the debtor did not have a reasonable prospect of being able to repay the amounts charged. This makes the debt nondischargeable.

■ The debtor argued that the nondischargeable debt should be reduced from this amount by deducting the charges of more than $50 made after her total charges exceeded 1.5 times her credit limit, because the charges should not have been allowed or approved. The debtor should not be relieved of her wrongdoing on the ground that it was successful despite the creditor's safeguards.

Furthermore, the proof did not show that the approval system would have protected the Bank. It did not show that all the merchants fully complied with the approval system or that the system showed the total charges at any one moment, including charges for which a merchant had not yet made a claim. Considering the rapidity of the charges involved, the approval system may not have been able to keep up sufficiently to protect the Bank.

The court concludes that the entire amount of $5,794.87 is nondischargeable. It would not appear equitable or practicable to determine whether the Bank's judgment should include interest.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.