**In re David L. STERLING, Katherine A. Sterling, Debtors.**

**MANUFACTURERS HANOVER TRUST COMPANY, Plaintiff,**

**v.**

**David L. STERLING, Katherine A. Sterling, Defendants.**

**Bankruptcy No. 8600157.**

**Adv. No. 860059.**

United States Bankruptcy Court, D. Rhode Island.

Nov. 7, 1986.

Bruce W. Gladstone, Cameron & Mittleman, Providence, R.I., for Mfrs. Hanover Trust Co.

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., for debtors.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on September 12, 1986, on the complaint of manufacturers Hanover Trust Company, pursuant to 11 U.S.C. § 523, to

determine the dischargeability of debts incurred by the debtors through the use of credit card cash advances.

■ Manufacturers Hanover Trust alleges that the debtors' taking of cash advances while they were "hopelessly insolvent," *see* Plaintiff's Memorandum of Law at 7, constitutes "false pretenses, a false representation, or actual fraud" within the meaning of § 523(a)(2)(A) to except the debt from discharge.[1] Cash advances totaling $2,900 against the debtors' credit card account, which had a credit limit of $3,000, were taken as follows:

| | |
|---|---|
| February 5, 1986 | $1,000 |
| February 11, 1986 | 1,000 |
| February 13, 1986 | 500 |
| February 19, 1986 | 400 |
| TOTAL | $2,900 |

Less than one month after the last cash advance, on March 18, 1986, the debtors filed a voluntary Chapter 7 petition listing secured claims of $401,641 and unsecured claims of $65,216.[2]

During the time when the cash advances in question were being taken, David Sterling, a commercial fisherman, was unemployed, he had no income and because of engine problems with the boat and, later, his broken leg, was unable to operate his fishing business (except for a three week period during December) since July of 1985. His total secured and unsecured debt is $466,857. *See* Plaintiff's Exhibit G, Bankruptcy Schedules. Katherine Sterling was employed as a registered nurse with an income of $294 per week. She also received $425 each month as the beneficiary of a trust. Their then current expenditures were listed as $4270 per month, and their monthly income was $1605.48. *See* Plaintiff's Exhibit F, Schedules of Income and Expenditures. Their assets amounted to $116,550. *See* Plaintiff's Exhibit G, Bankruptcy Schedules.

■ After considering the evidence presented at trial, and the oral and written arguments of counsel, we must conclude that the credit card cash advances obtained from Manufacturers Hanover Trust are nondischargeable. Although the debtors may have had a subjective hope to repay, the result of their incurring this debt while so hopelessly insolvent was to obtain funds which they knew, or should have known, would never be repaid. Their stated monthly expenses[3] exceeded their income by 265%, and their liabilities of $466,857 were four times greater than their assets. Their credit card debt alone was $26,327.37. At the time these cash advances were taken, the only way Mr. Sterling could continue to operate as a commercial fisherman was to find another lender willing to supply fresh capital for his business. Although he had negotiated with other lenders, he was unable to obtain any commitment for financing with which to pay the holder of the first ship's mortgage on his boat, Southern New England Production Credit Association, which had begun foreclosure proceedings in late 1985. Without the boat, Sterling could not operate his business,[4] and

---

1. § 523. Exceptions to discharge.
   (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
   . . . .
   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

2. 11 U.S.C. § 523(a)(2)(C) makes cash advances aggregating more than $1,000 taken on or within twenty days before the order for relief presumptively nondischargeable. Section 523(a)(2)(C) merely shifts the burden of proof regarding dischargeability to the debtor for cash advances taken within twenty days of filing. It does not prevent the Court from finding that such debts are nondischargeable if the complaining creditor meets its burden of proof under § 523(a)(2)(A) concerning cash advances taken outside this twenty day period.

3. David Sterling admitted that if his business debts, which he had personally guaranteed, were added to his monthly expenditures, the total monthly obligation would be approximately $8,000.

4. On April 30, 1986 Southern New England Production Credit Association filed a motion to terminate the automatic stay, 11 U.S.C. § 362,

the income of Mrs. Sterling was clearly insufficient to meet their monthly expenses. At best, their ability to repay Manufacturers Hanover Trust rested, unfounded, on hope alone.

Since there was no reasonable likelihood of the debtors being able to repay this, or any of their then existing debts, their conduct constitutes fraud within the meaning of § 523(a)(2)(A). *See American National Bank and Trust Company of Chattanooga v. Daugherty (In re Daugherty)*, 57 B.R. 99 (Bankr.E.D.Tenn.1985); *Central Bank v. Kramer (In re Kramer)*, 38 B.R. 80 (Bankr.W.D.La.1984). *Matter of Schnore*, 13 B.R. 249, 257 (Bankr.W.D. Wisc.1981) (incurring the credit card debt when the debtor's "financial circumstances were such that he could not have reasonably believed that he would pay," coupled with a failure to make any payments on the debt, established the intent not to pay the debt incurred). Accordingly, the debt owed to Manufacturers Hanover Trust Company in the amount of $3,024.83 [5] is determined to be nondischargeable.[6] Plaintiff is also entitled to attorneys' fees of $604.97 as provided for in the agreement between the parties.

Enter Judgment accordingly.

so that it could proceed with foreclosure on the vessel, *Trawler Katherine*, which is also the subject of a Chapter 7 proceeding in this Court. *See* BK No. 8600156. The motion was granted on May 27, 1986. (In that case the liabilities are $399,836.91 and assets are $77,067.)

5. The total of $3,024.83 includes cash advances of $2,900, accrued interest, and the annual cardholder fee of $20.

6. This decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.