**In the Matter of Howard Edgar FEDDON aka Buddy Feddon, Bankrupt.**

**MAAS BROTHERS, INC., a Florida Corporation, Plaintiff,**

v.

**Howard Edgar FEDDON aka Buddy Feddon, Defendant.**

**Bankruptcy No. 77–884 T.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Jan. 29, 1980.

John R. Shuman, Clearwater, Fla., for plaintiff.

Albert I. Gordon, Tampa, Fla., for defendant.

David Gorman, St. Petersburg, Fla., trustee.

## ORDER DENYING MOTION TO TAX REASONABLE ATTORNEY'S FEES

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for consideration upon the Motion to Tax Reasonable Attorney's Fees filed by the Plaintiff, Maas Brothers, Inc. Previously, this Court in separate findings found that the debt of the bankrupt to Maas Brothers constituted a liability for obtaining property by false pretenses within the meaning of Sec. 17a(2) of the Bankruptcy Act, and entered a judgment for $5,667.96 with interest at the contract rate until date of judgment and interest thereafter at the legal rate until paid.

The matter presently under consideration is whether Maas Brothers is entitled to enforce the attorney's fees provision of the Continuing Club agreement against the Bankrupt under Sec. 17a(2) of the Act.

This Court is of the opinion that the obligation to pay reasonable attorney's fees created by the aforementioned agreement is not, technically speaking, a liability created by false pretenses and, therefore, as such should be declared to be outside the non-dischargeability proviso of Sec. 17a(2). Attorneys fees are a species of damages contemplated to flow from a breach of contract action, and they do not reasonably flow from the tort of false pretenses, which is the basis of this Sec. 17a(2) action. Rather, they would flow "in spite of" the false pretenses and not because of them. *Beneficial Finance Co. of Oregon v. Peterson*, 2 B.C.D. 215 (D.Or.1976).

Accordingly, the Court is satisfied that Congress intended to create a "fresh start" for the bankrupt by granting a discharge and this is best promoted by limiting the defrauded creditor's recovery to simple restitution. To allow the plaintiff to recover attorneys fees, in addition to the underlying debt and accrued interest, as a non-dischargeable debt, would be counter-productive to the rehabilitative aim of the Act.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Tax Reasonable Attorney's Fees filed by Maas Brothers, Inc. be, and the same hereby is, denied.