**In the Matter of Thomas A. SMITH, Debtor.**

**The REPUBLIC BANK, Plaintiff,**

v.

**Thomas A. SMITH, Defendant.**

Bankruptcy No. 86–3275.
Adv. No. 86–534.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 31, 1987.

Don M. Stichter, Tampa, Fla., for debtor/defendant.

Darryl R. Richards, Clearwater, Fla., for plaintiff.

### ORDER ON MOTION TO STRIKE

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon notice and hearing of a Motion to Strike, filed by Thomas A. Smith, the Defendant of the above-captioned Chapter 11 adversary proceeding (Smith). Smith seeks an order from this Court striking the prayer for attorney's fees in the Complaint filed by the Republic Bank, the Plaintiff (Bank). The Court has considered the Motion together with the record and finds as follows:

On November 3, 1986, the Bank filed a Complaint to Determine Dischargeability of Debt against Smith, alleging that Smith had induced the Bank to make a loan to him by furnishing the Bank with a materially false financial statement. In its prayer for relief, the Bank requests that this Court determine that the Debt owed by Smith is nondischargeable and award the Bank interest and attorney's fees. Smith has moved to strike the prayer for attorney's fees on the basis that attorney's fees are not the type of damages which are contemplated under the provisions of § 523(a)(2) of the Bankruptcy Code.

The Bank's Complaint fails to allege any contractual or statutory basis for an award of attorney's fees, and for that reason alone, the prayer for attorney's fees should be stricken. Even if the promissory note given by Smith to the Bank provides for attorney's fees, any obligation created by that note is a contractual obligation and is not a liability which flows from the tort of false pretenses, which is the basis of a § 523(a)(2) action. *See, i.e., In re Feddon,* 2 B.R. 322 (Bankr.M.D.Fla.1980); *In re Greenfield,* 2 B.C.D. 703 (S.D.Ga.1976).

This Court is aware of case law holding that when a debt is determined to be nondischargeable under § 523(a)(2)(A), relief available to a creditor includes recovery of attorney's fees. *See, In re Crosslin,* 14 B.R. 656 (Bankr.M.D.Tenn.1981). This case law is based on the proposition that a creditor is entitled to the benefit of the bargain, and if a contract provides for the recovery of attorney's fees, then this recovery should not be diminished by the filing of a bankruptcy petition. This Court is satisfied that this logic is inconsistent with the rehabilitative aim of the Bankruptcy Code and impairs a debtor's "fresh start." Inasmuch as the case law cited by the Bank is not controlling on this Court, this Court takes a contrary position and finds that the Congressional intent of providing the debtor with a fresh start is best promoted by limiting creditors to simple restitution in a § 523(a)(2) action. Based on the foregoing, this Court is satisfied that the Motion to Strike the Bank's prayer for attorney's fees should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Strike be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the prayer for relief for attorney's fees in the Plaintiff's Complaint be, and the same is hereby, stricken.