**CHASE MANHATTAN BANK, Appellant,**

v.

**Gerald Alan BIRKLAND, Appellee.**

**No. C88–616R.**

United States District Court,
W.D. Washington,
at Seattle.

Oct. 14, 1988.

Alan Bornstein, Ferguson & Burdell, Seattle, Wash., for appellant.

William Merchant Pease, Pease & Doces, Seattle, Wash., for appellee.

**ORDER GRANTING ATTORNEY FEES**

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on appeal from a decision of the United States Bankruptcy Court denying appellant's attorney fees. Having reviewed the briefs, together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

## I. FACTUAL BACKGROUND

Defendant Gerald Alan Birkland applied for a Mastercard through plaintiff Chase Manhattan Bank in late November, 1985. The bank opened a credit account for Birkland in December, 1985, and sent him his MasterCard and a credit agreement. By accepting the credit agreement, Birkland agreed to pay all court and collection costs and reasonable attorney fees incurred in the collection of the debt owed under the agreement.

Birkland began using his new Mastercard on December 30, 1985, and within fifty-six days he had exceeded his $2,500 credit limit. Five days after making his last Mastercard charge on February 23, 1986, Birklund filed a Chapter 7 bankruptcy petition. The United States Bankruptcy Court found that Birkland did not have the ability to pay for the charges and that he intentionally defrauded the bank when he made them. As a result, the court found that the credit card debt was nondischargeable under 11 U.S.C. § 523(a)(2)(A). The court held that the bank was not entitled to costs and attorney fees pursuant to its credit agreement with Birkland.

## II. DISCUSSION

Appellant Chase Manhattan Bank argues that it is entitled to recover contractual attorney fees that were incurred in establishing that Birkland's underlying debt was nondischargeable under § 523(a)(2) of the Bankruptcy Act. This appeal presents a question of law and, therefore, is subject to *de novo* review. *Hass v. Darigold Dairy Products Co.*, 751 F.2d 1096 (9th Cir.1985).

Ordinarily when a debtor files a Chapter 7 bankruptcy, as Birkland did, all of his personal obligations are discharged. 11 U.S.C. § 727(b). A creditor, however, can avoid a discharge and recover its debt if the debt was obtained by fraud. 11 U.S.C. § 523(a)(2). To do so, the creditor must file an adversary proceeding and request a determination of dischargeability. Bankruptcy Rule 7001(6).

Section 523(d) of Title 11 U.S.C. states that if a creditor requests a determination of dischargeability under § 523(a)(2), but the debt is not found to have been obtained by fraud and the debt is subsequently discharged, the debtor will be awarded reasonable attorney fees, unless to do so would be clearly inequitable. Thus, attorney fees are provided by statute to debtors who prevail in nondischargeability proceedings. Congress provided no such statutory award to creditors who prevail.

The legislative history of § 523 explains why Congress did not wish to award attorney fees to creditors who prevail in nondischargeability proceedings. Congress was concerned about the problem of creditors exerting undue leverage over bankrupt debtors by threatening them with litigation costs and attorney fees to pressure them into reaffirming their debts. See H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 131, *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 6092.

By contrast, in situations where the prevailing creditor had a contractual right to receive attorney fees, the Sixth Circuit Court of Appeals and numerous bankruptcy courts have awarded those fees. *Martin v. Bank of Germantown (In re Martin)*, 761 F.2d 1163 (6th Cir.1985); *Manufacturers Hanover Trust Co. v. Sterling (In re Sterling)*, 67 B.R. 294 (Bkrtcy.D.R.I. 1986); *Walter E. Heller & Co. v. Byrd (In re Byrd)*, 41 B.R. 555 (Bkrtcy.E.D.Tenn. 1984); *Primm v. Foster (In re Foster)*, 38 B.R. 639 (Bkrtcy.M.D.Tenn.1984); *First American National Bank v. Crosslin (In re Crosslin)*, 14 B.R. 656 (Bkrtcy.M.D. Tenn.1981).

In *In re Martin*, the debtors had agreed in an unsecured note to "pay on demand all costs of collection and attorneys' fees, incurred or paid by Bank in enforcing this note." *Martin*, 761 F.2d at 1165. Thus, the agreement to pay attorneys' fees in *Martin* was essentially the same as the agreement in this case.

Although the *Martin* court acknowledged congressional concern about unfair leverage exerted by creditors in fraud dischargeability proceedings, the court held that if a creditor had a contractual right to attorney fees that was valid under state law, the creditor should be reimbursed for the fees necessary to collect the debt. *Id.* at 1168. In reaching that result, the court assumed that the creditors gave value for the right to recover attorney fees at the time credit was advanced. *Id.* at 1168. The court also noted that § 523(a)(2) excepted from discharge "the whole of any debt" incurred pursuant to the debtor's false financial statement, and concluded that the "whole" of the debt included "state-approved contractually required attorney's fees." *Id.* at 1168.

Birkland argues that attorney fees are not part of the nondischargeable debt. He maintains that a nondischargeability action is based upon the tort of false pretenses and that liability for attorney fees does not reasonably flow from the tort of false pretenses. *Republic Bank v. Smith (In re Smith)*, 72 B.R. 300 (Bankr.M.D.Fla.1987); *Maas Brothers, Inc. v. Feddon (In re Feddon)*, 2 B.R. 322 (Bankr.W.D.Fla.1980).[1]

Birkland argues further that creditors should not be awarded contractual attorney fees because to do so conflicts with the "fresh start" policy of the bankruptcy code, which he claims is best promoted by limiting creditors to simple restitution. *Smith*, 72 B.R. at 301.

This court is persuaded by the reasoning set forth in the cases cited by the bank. The policy underlying bankruptcy law en-

---

1. *Feddon* was decided under the precursor to § 523, § 17(a)(2) of the Bankruptcy Act of 1898. Aside from the addition of § 523(d), however, the section did not change appreciably under the new act.

titles only honest debtors to the fresh start of a bankruptcy discharge. Debtors who have engaged in fraudulent conduct are denied bankruptcy discharges. Fraudulent conduct is best discouraged, not only by denying discharge, but also by applying the benefit-of-the-bargain rule. That is, the creditor who has been defrauded is entitled to all of its rights under the contract, including reasonable attorney fees.

Furthermore, awarding contractual attorney fees to honest creditors serves the same policy as awarding attorney fees to honest debtors, that policy being "to insure that the honest do not forfeit their rights out of concern for the expenses of litigation." *Crosslin*, 14 B.R. at 658.

Now, THEREFORE, the decision of the bankruptcy court is REVERSED. Accordingly, Birkland is ordered to pay the reasonable attorney fees incurred by the bank in collecting its debt.