In re Gerald A. SEARS, Debtor.

PACIFIC BANCORPORATION and PBC Venture Capital, Inc., Plaintiffs,

v.

Gerald A. SEARS, Defendant.

Adv. No. C88–0333–H11 Related No. 88–02607–H11.

United States Bankruptcy Court, S.D. California.

June 29, 1989.

Jack F. Fitzmaurice, Fitzmaurice, Gorman & Steres, San Diego, Cal., for debtor/defendant.

John D. Carlson, Borton, Petrini & Conron, Bakersfield, Cal., for plaintiffs.

### MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

The plaintiffs Pacific Bancorporation ("PBC") and P.B.C. Venture Capital, Inc. ("VCI") and debtor/defendant Gerald A. Sears ("Sears") have filed counter-motions for summary judgment on an action to

determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(4).

Plaintiffs PBC and VCI seek summary judgment on their complaint to determine the dischargeability of a debt claiming that a prior state court judgment finding a fiduciary relationship, breach of fiduciary duty and fraud has a collateral estoppel effect in the non-dischargeability proceeding.

Defendant Sears opposes plaintiffs' motion for summary judgment claiming that collateral estoppel does not apply because: (a) the issues presented in this adversary proceeding are completely different from the state court trial; (b) since the issues are completely different, they have never actually been decided or litigated by the state court; (c) the award of attorney's fees is null and void because an automatic stay was in effect at the time they were awarded so there is no valid and final judgment; and (d) the different standard of proof used in state court prevents issue preclusion. Defendant seeks summary judgment in his favor arguing that even if fraud was committed by the debtor, the award of attorney's fees in the state court action is an ancillary obligation, the dischargeability of which rises or falls with the underlying obligation.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## FACTS

The court finds that the following facts are undisputed by the evidence presented.

Beginning in 1981, defendant Sears was engaged in a business relationship with plaintiffs PBC, VCI, and with Community First Bank. Sears was an officer of Community First Bank, a director and officer of the subsidiary PBC Venture Capital, Inc. and a de facto officer of Pacific Bancorporation. In such capacities, Sears procured the execution of two management agreements; one between Sears and VCI, and the other between Sears and PBC.

On July 30, 1982, plaintiff PBC filed its complaint with the Kern County Superior Court seeking declaratory relief with respect to the validity of certain management agreements with defendant Sears. On October 18, 1982, plaintiff VCI filed its complaint seeking declaratory relief with respect to the validity of certain management agreements with defendant Sears.

After trial on the plaintiffs' consolidated complaints, the trial court rendered its judgment in favor of plaintiffs. Defendant Sears subsequently filed his appeal with the California Court of Appeal for the Fifth Appellate District. On February 3, 1986, the Court of Appeal rendered its decision reversing and remanding the case to the trial court.

On March 4, 1987, the plaintiffs submitted their first amended complaint in the consolidated actions. A new trial commenced April 27, 1987, and lasted approximately nine days. The court ruled in favor of plaintiffs and a hearing was held on October 6, 1987, to consider the tentative statement of decision that had been submitted by plaintiffs' counsel. The court took the matter under submission and on October 21, 1987, issued its statement of decision declaring that the management agreements were void and awarding costs to plaintiffs. No other damages were awarded.

On November 13, 1987, plaintiffs filed their memorandum of costs seeking total costs of $237,513.79 of which $230,150 consisted of attorney's fees. Defendant filed an objection and motion to tax the memorandum of costs, and the matter was argued and submitted to the court on December 14, 1987.

Also, on December 14, 1987, defendant Sears filed a voluntary petition under Chapter 13 of Title 11 of the United States Code with the above-entitled court. Thereafter, on December 29, 1987, the state court denied the defendant's motion to tax the memorandum of costs and upheld the award of attorney's fees.

On March 10, 1988, the Chapter 13 proceeding was dismissed as a result of the

defendant's failure to appear at his 341(a) creditors' meeting. On April 1, 1988, the defendant filed his voluntary petition under Chapter 11 of Title 11 of the United States Code after determining that he was ineligible for refiling a Chapter 13 petition pursuant to the provisions of § 109(e). The Chapter 11 case was converted to a Chapter 7 proceeding on December 19, 1988.

At the hearing on the cross-motions for summary judgment held January 26, 1989, this court granted summary judgment in favor of plaintiffs. The court made the following findings of fact:

1. A fraud was committed by defendant against plaintiffs.

2. Judge Condley of the Kern County Superior Court found by way of clear and convincing evidence that defendant committed fraud against plaintiffs.

3. Defendant Sears is not a credible witness.

4. Defendant Sears procured the execution on or about April 2, 1982 of a back dated management agreement with the intent to fraudulently create the color of validity to the agreement with actual and constructive knowledge that the plaintiffs in this case had not properly authorized execution of the management agreement.

5. The agreements procured by defendant were the result of a fraud perpetrated by the defendant.

6. The defendant was an officer and director of the plaintiffs and intentionally concealed the nature and extent of that relationship.

7. No contracts between defendant and plaintiffs legally existed.

8. Plaintiffs did not consent to the execution of the management agreements.

9. Defendant Sears violated a fiduciary duty owed to plaintiffs and there was complete lack of full disclosure by defendant as a fiduciary which amounts to fraud.

This court took under submission the issue of damages. At issue is whether attorney's fees are dischargeable in bankruptcy where the state court has extinguished a contract due to the debtor's fraud, and where the only damages sustained are the attorney's fees incurred in litigating the state court fraud action.

Plaintiffs argue that attorney's fees and interest are non-dischargeable where the underlying debt is found to be non-dischargeable. Defendant argues that since there was no underlying debt in the declaratory relief action, that the ancillary debt has nothing to cling to and therefore is dischargeable. The parties were requested to further brief this issue.

Defendant included in his supplemental brief filed March 11, 1989, a "motion for reconsideration as to the applicability of collateral estoppel to the particular facts and circumstances of this case." Defendant argues that collateral estoppel is inapplicable because there is no final, binding judgment from the state court due to the pending appeal; there is no legal basis under California law to award the attorney's fees; and the award of attorney's fees was issued in violation of the bankruptcy stay.

As plaintiffs' counsel correctly points out, relief under Rule 60 of the Federal Rules of Civil Procedure is available only for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment.

This court finds that none of the Rule 60(b) grounds are present which compel relief from the granting of summary judgment in favor of plaintiffs. The issues raised in defendant's supplemental brief were raised in the original opposition to

plaintiffs' motion for summary judgment. No newly discovered evidence has been presented. Defendant is merely attempting to re-argue issues which were previously raised, argued, and waived by defendant's counsel at the hearing on the summary judgment motions. The motion for reconsideration is denied.

## DISCUSSION

■ Plaintiffs argue that the attorney's fees incurred by plaintiffs in invalidating the management agreements were a direct and proximate result of defendant's attempts to enforce those agreements, in that had defendant not attempted to enforce the fraudulent management agreements, plaintiffs would not have incurred the attorney's fees and costs that they did.

Defendant argues that the attorney's fees are not a true claim as defined by the Bankruptcy Code, but are merely an ancillary obligation which must rise or fall with the nature of the primary debt owed by the debtor. Without an underlying obligation which fits within the areas of non-dischargeability, there is no basis to hold the ancillary obligation non-dischargeable. Defendant further argues that the attorney's fees are not the proximate result of defendant's fraud.

The superior court, in its statement of decision entered October 22, 1987, held that the purported management agreements were invalid, unenforceable, void and of no force or effect; that the purported arbitration clauses contained in the purported management agreements were invalid, unenforceable, void and of no force or effect; and that plaintiffs were entitled to recover their costs of suit.

The superior court in effect rescinded the management agreements due to the fraud of defendant. It is well settled in California that attorney's fees are recoverable in a rescission action where the contract contains a fee provision. *Nevin v. Salk*, 45 Cal.App.3d 331, 340, 119 Cal.Rptr. 370 (1975). The arbitration clauses in the management agreements contained an attorney fee provision which is reciprocal pursuant to California Civil Code § 1717.

Further, California Code of Civil Procedure § 685.090 provides that costs are added to and become a part of the judgment and are included in the principal amount.

The two main cases cited by defendant, *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987) and *In re Hunter*, 771 F.2d 1126 (8th Cir.1985), for the proposition that "ancillary obligations" such as attorney's fees and interest attach to the primary debt in determining dischargeability, are not dispositive of the case at bar. These cases hold that the status of ancillary obligations depends upon that of the primary debt. Where the primary or underlying debt is dischargeable, so too are the ancillary obligations dischargeable.

At first glance, defendant's literal construction of these cases would cause the attorney's fees incurred by plaintiffs to be declared dischargeable. Since the superior court did not award damages in favor of plaintiffs the defendant argues, there is no underlying debt. If there is no underlying debt, there is nothing to which the ancillary obligations may attach resulting in dischargeable obligations.

However, this court finds that the attorney's fees incurred by plaintiff in the state court litigation are not ancillary obligations but are in the nature of a primary debt.

Here the primary obligation, attorney's fees, are a direct and proximate result of the fraud perpetrated by defendant. There is both a statutory and contractual right to the award of attorney's fees as made by the superior court. As California law has consistently awarded attorney's fees in a rescission action, the attorney's fees incurred are the damages suffered by plaintiffs and constitute the primary or underlying debt.

An ancillary obligation, including attorney's fees, is one incurred in a proceeding to enforce the primary obligation. *Matter of Chambers*, 36 B.R. 42, 46 (Bankr.W.D. Wis.1984).

At issue here is not attorney's fees awarded in a proceeding ancillary to the original state court award such as an appeal, or attempts to execute on the judg-

ment, but rather an award of fees in an original action resulting in damages suffered by plaintiff.

What is facing this court is a unique situation not previously dealt with in the case law discussing dischargeability. It is absurd to suggest that had the superior court awarded one dollar to plaintiffs as damages their attorney's fees would be non-dischareable, but since no dollar award was made the attorney's fees should be dischargeable. Nor would it make sense to require a creditor to wait until a payment is made under a fraudulent contract before bringing an action for rescission. Equity requires this court to rule that the attorney's fees incurred in the state court litigation are non-dischargeable.

The legislative history behind the fraud exception supports such a finding. "By creating the fraud exceptions to discharge, Congress sought to discourage fraudulent conduct and ensure that relief intended for honest debtors does not inure to the benefit of dishonest ones." *Birmingham Trust Nat. Bank v. Case*, 755 F.2d 1474 (11th Cir.1985).

This finding is also in accord with the recent decision in *Chase Manhattan Bank v. Birkland*, 98 B.R. 35, 37 (W.D.Wash. 1988) where the court stated:

Fraudulent conduct is best discouraged, not only by denying discharge, but also by applying the benefit-of-the-bargain rule. That is, the creditor who has been defrauded is entitled to all of its rights under the contract, including reasonable attorney fees.

Furthermore, awarding contractual attorney fees to honest creditors serves the same policy as awarding attorney fees to honest debtors, that policy being "to insure that the honest do not forfeit their rights out of concern for the expenses of litigation." [Cite omitted].

Further, these state approved contractually required attorney's fees should be considered as part of the "whole" of the debt as discussed in *In re Martin*, 761 F.2d 1163, 1168 (6th Cir.1985) which held that the Code excepts from discharge "the whole of any debt" incurred pursuant to a debtor's fraud.

## CONCLUSION

The attorney's fees incurred by plaintiffs in rescinding the fraudulent management agreements is a primary debt which is non-dischargeable in the pending bankruptcy proceeding. There is both statutory and contractual authority to support such an award which proximately resulted from defendant's fraud.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for the plaintiffs is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.