**In re Kent D. JENSEN and Carol A. Jensen, Debtors.**

**COMMERCIAL FACTORS OF SALT LAKE CITY, INC., Plaintiff,**

**v.**

**Kent D. JENSEN and Carol A. Jensen, Defendants.**

**Bankruptcy No. 88B–02685. Adv. No. 88PB–0679.**

United States Bankruptcy Court, D. Utah, C.D.

April 13, 1990.

---

Thomas N. Crowther, of Parsons & Crowther, Salt Lake City, Utah, for Commercial Factors of Salt Lake City, Inc., plaintiff.

Daniel R. Boone, of Salt Lake City, Utah, for Kent D. Jensen and Carol A. Jensen, defendants.

## MEMORANDUM DECISION SUPPLEMENTING FINDINGS OF FACT AND CONCLUSIONS OF LAW

JUDITH A. BOULDEN, Bankruptcy Judge.

This matter originally came before the court upon the trial of a nondischargeability complaint filed by Commercial Factors of Salt Lake City, Inc., (Commercial Factors) against Kent D. Jensen and Carol A. Jensen pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4).[1] During the course of the trial, the court dismissed all claims for relief against Carol A. Jensen. Judgment pursuant to section 523(a)(2)(A) was ultimately awarded in favor Commercial Factors and against Kent D. Jensen (Jensen). The court found that Jensen had engaged in an intentional scheme to falsify invoices and shipping documents which were then presented to Commercial Factors for purchase under a factoring agreement.

As a result of Jensen's wrongful conduct, he was indebted to Commercial Factors in the amount of $38,254. Litigation to attempt to collect the amount owed was commenced in state court prior to filing the within petition, but was stayed as a result of this filing. This court credited $30,000 against the amount Jensen owed as a result of Commercial Factors mitigating its damages prepetition. This credit resulted in this court granting judgment to Commercial Factors in the amount of $8,254.

The underlying contract between Jensen and Commercial Factors provided that "[t]he losing party will pay any and all legal expense and reasonable attorneys fees that the prevailing party may incur as a result of either client or factor enforcing The Agreement one against the other." In addition to the $8,254 judgment set forth above, the court awarded Commercial Factors an additional $16,094.55 which represented the costs and attorney's fees incurred in bringing the nondischargeability action in this court. Added to the net amount owed, Commercial Factors was granted a total judgment of $24,348.55 plus interest at 12% per annum against Jensen.

The parties are currently before the court on Commercial Factors' Motion to Amend Findings of Fact and Conclusions of Law and To Amend Judgment Accordingly. Commercial Factors asserts that the award of attorney fees and costs was insufficient because it was based solely upon the fees incurred in prosecuting the nondischargeability action in this court and did not in-

---

1. All subsequent references are to Title 11 of the    United States Code.

clude the attorney's fees and costs incurred in litigating its claim in state court prior to the debtor's chapter 7 filing. It argues that the entire sum of fees and costs should be awarded since all were incurred in an attempt to enforce the factoring agreement.

Two exhibits dealing with attorney's fees were received at trial. Plaintiff's exhibit 7 is an affidavit relating to the state court action setting forth fees in the amount of $9,335.56 and costs of $266.00. Plaintiff's exhibit 50 is an affidavit relating to the nondischargeability action setting forth fees in the amount of $12,367.50 and costs of $352.05. The fees previously granted by this court were those set forth in plaintiff's exhibit 50, as supplemented at trial, totaling $16,094.55.[2]

## DISCUSSION

Commercial Factors asserts it should be entitled to a judgment in the amount of all of its damages including all of its attorneys fees, not just those incurred after the filing of the petition, and that such judgment should be nondischargeable. Jensen asserts the allowance of $25,696.11 in attorney's fees is so high in relation to the $8,254 net judgment as to be unreasonable and constitutes an award of punitive damages which should not be allowed. Jensen did not actively assert any argument that the fees and costs incurred both before and after the bankruptcy filing were not accurately set forth in the exhibits. Prior to its original ruling, the court examined plaintiff's exhibit 50 in detail and found it to be in conformity with the standards required by this court. *In re Jensen–Farley Pictures, Inc.*, 47 B.R. 557 (Bankr.D.Utah 1985).[3] Plaintiff's exhibit 7 is likewise a detailed representation of services performed and fees incurred.

The American Rule applied in .federal courts indicates that attorney's fees are not recoverable unless a statute or enforceable contract so provides. *Summit Valley Indus. v. Carpenters*, 456 U.S. 717, 721, 102 S.Ct. 2112, 2114, 72 L.Ed.2d 511 (1982). The Bankruptcy Code is generally silent regarding attorney's fees in nondischargeability actions. An exception is found in section 523(d) which requires the court to grant judgment in favor of the debtor for costs and fees incurred in defense of a nondischargeability action on a consumer debt if the court finds the position of the creditor was not substantially justified. A creditor who prevails in a consumer nondischargeability action however, is not statutorily entitled to attorney's fees under the Code.[4] There is no similar statutory provision regarding the award of attorney's fees in nondischargeability actions arising out of commercial transactions.

■ The only other basis for an award of attorney's fees under the American Rule is if an enforceable contract so provides.

2. The prior findings of fact and conclusions of law included additional amounts as attested to at trial for fees and costs incurred during the course of the trial.

3. The court was initially concerned with the amount of time spent by Commercial Factors' attorney in preparation for the trial. However, Commercial Factors proved its fraud case against Jensen by the use of documentary and testimonial evidence which clearly showed the actual fraudulent alteration of documents. The evidence was presented through a detailed and tedious cross reference of documents and through the testimony of a former employee who admitted to falsifying documents at Jensen's instruction. All things considered, the court determined that Commercial Factors was required to expend the amount of time set forth in the exhibit in order to present the type of case required to prove fraudulent intent by extrinsic evidence.

4. The legislative history of section 523(d) explains the policy behind providing attorney's fees to a prevailing debtor but not to a prevailing creditor under these circumstances. "The purpose of the provision is to discourage creditors from initiating false financial statement exception to discharge actions in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair the debtor's fresh start." S.Rep. No. 95–989, 95th Cong., 2nd Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5866. Congress was interested in protecting honest debtors from the threat of false nondischargeability actions, where the creditor hoped to coerce the debtor to reaffirm a debt that was legitimately dischargeable because the debtor wanted to avoid the attorney's fees necessary to defend a nondischargeability action.

If there is an underlying contract between the parties providing for the payment of attorney's fees in the event the agreement must be enforced, the majority of courts have allowed a prevailing party an award of attorney's fees. *Goodnow v. Adelman (In re Adelman)*, 90 B.R. 1012, 1024 (Bankr.D.S.D.1988).

The underpinnings of this position is that section 523(a) does not discharge an individual debtor from the debt incurred by any of the subsections of the statute. The attorney's fees and costs provided in the contract are a part of the debt bargained for by the parties. For example, the Sixth Circuit in *Martin v. Bank of Germantown (In re Martin)*, 761 F.2d 1163 (6th Cir.1985) found that a contractual right to attorney's fees is part of the debt owed to the creditor. "11 U.S.C. § 523(a)(2)(B) excepts from discharge the whole of any debt incurred by use of a fraudulent financial statement, and such a debt includes state-approved contractually required attorney's fees." *Martin*, 761 F.2d at 1168.

In *Chase Manhattan Bank v. Birkland (In re Birkland)*, 98 B.R. 35, 37 (W.D. Wash.1988), the court indicated that awarding attorney's fees to a prevailing creditor in a section 523 nondischargeability action where there is a valid underlying contract between the parties is consistent with the congressional intent that only honest debtors are entitled to a fresh start and that debtors who engage in fraudulent conduct are denied discharges. "Fraudulent conduct is best discouraged, not only by denying discharge, but also by applying the benefit-of-the-bargain rule." *Birkland*, 98 B.R. at 37.

Courts have also found that attorney's fees awarded by a state court prior to filing are part of the debt which may later be determined to be nondischargeable. *Pacific Bancorporation v. Sears (In re Sears)*, 102 B.R. 781 (Bankr.S.D.Cal.1989). In *In re Suter*, 59 B.R. 944, 947 (Bankr.N. D.Ill.1986), Judge Ginsberg disallowed punitive damages awarded in a prepetition RICO judgment, but allowed the amount of the judgment to include the attorney's fees necessary to make the creditor whole.

A minority of courts have disallowed attorney's fees to a prevailing creditor in a section 523 nondischargeability action.[5] One reason stated is that Congress specifically provided that the court shall award attorney's fees to the prevailing debtor only where the creditor in a consumer case did not have a substantially justified claim.[6] The argument continues that because of the Code's silence, the conclusion must be drawn that Congress did not intend fees to be allowed if a contract so provided. This position ignores the exceptions to the American Rule as well as the general construction of the definition of debt set forth in section 101(11).[7]

This court has previously found that the fees incurred in this nondischargeability action were properly included as part of the debt incurred. That finding was based upon the following facts established at trial: (1) the debt was not a consumer debt; (2) Jensen clearly committed fraud upon Commercial Factors; (3) the parties were two business entities of relatively equal bargaining power, thereby distinguishing certain credit card cases where the parties were of unequal bargaining power; (4) the contract was freely entered into between the parties and the contractual fee provision was clearly set forth in the agreement; and, (5) the contract would be binding under state law.

It is this court's interpretation that attorney's fees incurred in the enforcement of a contract freely entered into between parties of relatively equal bargaining power is

---

**5.** Alternatively, some cases have used a middle-of-the-road approach indicating that the award of fees is discretionary. In *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 99 B.R. 897, 901–02 (Bankr.C.D.Ill.1989), the court found the conduct of the debtor so egregious that the court granted attorney's fees including those incurred prefiling in the district court.

**6.** One case cited for this proposition, *Sears, Roebuck and Co. vs. Penney (In re Penney)*, 76 B.R. 160, 162 (Bankr.N.D.Cal.1987), in reality turned on the point that the action was brought based upon a federal statutory right sounding in tort, not based upon a contract.

**7.** 11 U.S.C. § 101(11) (1988) states:
  (11) "debt" means liability on a claim.

part of the debt as defined in section 101(11). If the contract provides that the losing party shall bear such fees and costs in enforcing the contract, then those fees and costs may be included as part of a debt found to be nondischargeable under the Code and judgment may be rendered accordingly.

The court can find no valid distinction between fees incurred in collecting a contractual debt prepetition and those incurred postpetition. If a judgment had been rendered prior to filing bankruptcy under these facts, the entire judgment including the attorney fees and costs would be a nondischargeable debt in bankruptcy. *Allen v. Romero (In re Romero),* 535 F.2d 618, 623 (10th Cir.1976).

Jensen takes the position that even though the fees would be nondischargeable if a judgment had been taken in state court prior to filing, they are not now allowable because Jensen filed prior to the entry of a judgment in the state court proceeding. The fact that the filing of a petition prevented the prepetition judgment from being rendered should not be a bar to those fees. It seems especially inequitable to disallow such fees when it is the debtor's act of filing which required the creditor to bring a new action on the same facts in the bankruptcy court.

█ Jensen also argues that allowance of such a large fee in proportion to the net judgment awarded to Commercial Factors constitutes an award of punitive damages. Generally, punitive damages are not allowed as nondischargeable debts. *Suter,* 59 B.R. at 947. However, it must be noted that the actual amount of damages to Commercial Factors was found to be $38,254. Commercial Factors negotiated an assignment of its security interest to mitigate its damages for an agreed upon consideration of $30,000. A portion of the time set forth in plaintiff's exhibit 7 was for time expended in the negotiation of that agreement. The resulting $30,000 is credited against the total judgment, creating a benefit which accrues to Jensen.

*Dixie State Bank v. Bracken,* 764 P.2d 985 (Utah 1988) sets forth an interesting rebuttal to the argument that the attorney's fees must be proportional to the amount collected. The opinion states:

> In addition, although the amount in controversy can be a factor in determining a reasonable fee, care should be used in putting much reliance on this factor. It is a simple fact in a lawyer's life that it takes about the same amount of time to collect a note in the amount of $1,000 as it takes to collect a note for $100,000.

*Dixie State Bank,* 764 P.2d at 990 (*citing Cabrera v. Cottrell,* 694 P.2d 622, 625 (Utah 1985)).[8]

This court finds the Utah Supreme Court to be instructive on this matter, with the caveat that any award of fees by this court must be reasonable under the circumstances of the case. The court can find nothing in the context of this case which would make the amount of the fees punitive. Though they are large in relation to the net amount of judgment rendered here, they are not disproportionate to the total amount of the debt incurred by Jensen prior to the $30,000 credit. The high burden of persuasion placed upon a plaintiff in a nondischargeability action is ultimately for the protection of the debtor. The corollary is that it simply costs a lot of money to prepare, present, and prevail in a case which requires proof by clear and convincing evidence. In certain circumstances, it is the debtor who pays the price of such protection.

## CONCLUSION

The court finds the motion of Commercial Factors to be well taken. The court

---

**8.** *Dixie State Bank* sets forth the following criteria for analyzing whether attorney's fees should be allowed at page 990:

    1. What legal work was actually performed?

    2. How much of the work performed was reasonably necessary to adequately prosecute the matter?

    3. Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?

    4. Are there circumstances which require consideration of additional factors, including those listed in the Code of Professional Responsibility?

has reviewed the entries set forth in exhibit 7 and finds that the fees were reasonably incurred at the time, were necessary for the enforcement of Commercial Factors legal interests, and were contemplated by the agreement between the parties. The judgment is therefore modified to increase the amount of the nondischargeable judgment by $9,335.56 in fees and $266.00 in costs. Counsel for Commercial Factors is directed to prepare judgment accordingly.