**In re Bradley K. SILVA and Marianne H. Silva, Debtors.**

**JAMES R. BARNARD, D.D.S., INC., Plaintiff,**

v.

**Bradley K. SILVA, Defendant.**

**Bankruptcy No. SA 88–02328 JR. Adv. No. SA 90–0563 JR.**

United States Bankruptcy Court, C.D. California.

Feb. 28, 1991.

Herbert Niermann, Irvine, Cal., for defendant.

James D. Crosby of Muns, Mehalick & Lynn, San Diego, Cal., for plaintiff.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

Betty L. Barnard, widow of James R. Barnard, entered into a contract to sell her deceased husband's dental practice, James R. Barnard, D.D.S., Inc. ("plaintiff") to Bradley K. Silva ("defendant"). Before the contract was signed, defendant and his wife, Marianne H. Silva, filed bankruptcy. Plaintiff received a note for the purchase price of the dental practice. After defendant failed to pay on the note plaintiff learned that debtor had filed this case. Subsequently, plaintiff filed a complaint to have the note obligation found nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code.

At trial, I ruled that the debt was nondischargeable under § 523(a)(2)(A) due to debtor's "false representations" and "actual fraud" in the course of negotiations giving rise to the contract. Judgment was for $117,715.14, the amount owing on the note, plus interest.

Based on its prayer in the complaint, plaintiff requested attorney's fees incurred in pursuing the § 523 action in the amount of $16,400.50. I took the question of attorney's fees under submission.

## JURISDICTION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

## STATEMENT OF FACTS

In August 1987, defendant began practicing as a dentist in the late Dr. Bernard's office. In late 1987, he entered into discussions with Dr. Barnard for the sale of his dental practice to debtor. Defendant was aware that Dr. Barnard had a terminal illness and was making plans to provide for the financial security of his wife after his death. Defendant told Dr. Barnard that he was "financially strapped", and he would not be able to make a down payment or secure financing in order to purchase the business. He failed to disclose the gravity of his financial situation, but continued discussions until Dr. Barnard's death on February 4, 1988.

In early 1988, according to plaintiff, debtor had contacted five different attorneys concerning his financial situation. At that time, defendant had $180,000.00 in student loans and consumer debts. He had only $42,000.00 in assets, $40,000.00 of which consisted of automobiles. He also had outstanding federal and state tax liens against him in excess of $45,000.00. On April 19, 1988, debtor and his wife filed their Chapter 11 bankruptcy, which was converted to Chapter 7 on July 25, 1988.

At no time did defendant inform plaintiff of this filing. Mrs. Bernard had no notice of debtors' bankruptcy filing before signing the contract. Debtor did not include

her on the list of creditors. Debtor continued the negotiations with Mrs. Barnard for the sale of the dental practice. The sale was finalized on May 9, 1988, three weeks after defendant filed bankruptcy. The purchase price of $138,000.00 was for the entire practice and for one-half interest in the equipment, furniture, fixtures and leasehold improvements. Both the note and the sales contract contained a provision for the recovery of attorney's fees in any action instituted on the note.

Debtor paid on the note until October 1989. Despite repeated attempts by Mrs. Bernard to contact debtor, he made no note payments after that nor informed creditor of his filing. Debtor referred Mrs. Bernard's calls to his attorney. After several calls to debtor's attorney, the secretary finally informed her of the bankruptcy filing. By that time the deadline for filing complaints to determine the dischargeability of a debt had expired. I granted leave to file a complaint because creditor did not receive notice of the filing and was not listed as a creditor by debtor.

At trial, I found the debt on the note to be nondischargeable under Section 523(a)(2)(A). Now that plaintiff has prevailed in the nondischargeability action it is seeks to recover attorney's fees incurred therein.

## DISCUSSION

The issue is whether attorney's fees for the prevailing creditor in a § 523(a)(2)(A) dischargeability action may be recovered.

Chapter 7 bankruptcy frees the debtor from all prior personal obligations. However, the policy "underlying bankruptcy law entitles only honest debtors to the fresh start". *Chase Manhattan Bank v. Birkland*, 98 B.R. 35, 36–37 (W.D.Wash. 1988). If a debt results from fraud, false pretenses or misrepresentations, the creditor may file an adversary proceeding under § 523 to have the court determine the debt nondischargeable. Should the debt be determined nondischargeable, the debtor remains liable on the obligation.

■ No statutory basis in the Code provides generally for attorney's fees for a prevailing creditor in a § 523 action. Section 523(d) does, however, authorize an award of attorney's fees to a prevailing debtor when a creditor initiates a dischargeability action on a consumer debt. Congress considered and ultimately rejected awarding attorney's fees to prevailing creditors in a § 523 action out of a concern that creditors may use the threat of attorney's fees to pressure debtors into reaffirming the debt, even if discharge was appropriate. H.R.Rep. 595, 95th Cong., 1st Sess. 131 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787. Without a statutory right to collect attorney's fees, the creditor must have an independent right on which to base an award of attorney's fees.

■ Under the American Rule, each party bears his or her own attorney's fees. However, the parties may include in a contract a right to attorney's fees for the prevailing party on the contract. Such provisions are commonly used and enforced. An attorney's fees provision was included in the contract here. By bringing this action under § 523(a)(2)(A), creditor is seeking to prevent discharge of the debt, enforce the contract in its entirety, and collect on the note. The Ninth Circuit has allowed attorney's fees in § 523 actions based on fraud where the underlying contract between the parties contains an attorney's fees provision.

■ In *Chase Manhattan*, debtor intentionally defrauded the creditor when he made credit card purchases beyond his credit limit shortly before filing Chapter 7 bankruptcy. The creditor brought suit under § 523(a)(2)(A) and the debt was found nondischargeable. The creditor was awarded attorney's fees, based on the underlying credit agreement, which allowed the prevailing party attorney's fees in any action on the contract. Debtor argued that allowing attorney's fees conflicted with the "fresh start" policy behind the Code. The court disagreed, ruling:

> The policy underlying bankruptcy law entitles only honest debtors to the fresh start of a bankruptcy discharge. Debt-

ors who have engaged in fraudulent conduct are denied bankruptcy discharges. Fraudulent conduct is best discouraged, not only by denying discharge, but also by applying the benefit-of-the-bargain rule. That is, the creditor who has been defrauded is entitled to all of its rights under the contract, including reasonable attorney fees.

*Chase Manhattan Bank v. Birkland,* 98 B.R. 35, 36–37 (W.D.Wash.1988).

The debtor in *Chase Manhattan* also argued that attorney's fees do "not reasonably flow from the tort of false pretenses." *Chase Manhattan, supra,* at 36. Therefore, in a nondischargeability action based upon tort, there should not be an award of attorney's fees.[1] The court, however, was not persuaded by this reasoning. *Chase Manhattan* chose to follow a Sixth Circuit case, *In re Martin,* 761 F.2d 1163 (6th Cir.1985), which allowed recovery of attorney's fees.

*Martin* involves a § 523(a)(2)(B) action. The debt was held nondischargeable because of the debtor's misrepresentations on a financial statement upon which the creditor relied when making the loan to the debtor. The underlying contract included an attorney's fees provision. The creditor requested and received attorney's fees based on that contract.

The *Martin* court recognized that Congress did not grant the creditor the right to collect attorney's fees under Section 523(d). "However, creditors are entitled to recover attorney's fees in bankruptcy claims if they have a contractual right to them...."

*Martin, Id.* at 1168. Section 523(a)(2) excepts from discharge the "whole of any debt" incurred by fraud. Part of the debt is the "contractually required attorney's fees." *Id.* Attorney's fees may be awarded, based on the contract, because the "contractual right to attorney's fees is part of the debt to the creditor" which was not discharged. *Id.* Furthermore, "it must be assumed they [creditors] gave value for that right at the time credit was advanced." *Id.*

*Martin* was brought under § 523(a)(2)(B); the proceeding at hand is brought under § 523(a)(2)(A). The only difference between the two sections is that (B) involves the use of a statement *in writing* regarding debtor's financial condition, while actions brought under § 523(a)(2)(A) involve other claims that do not involve the financial condition of debtor in writing. This is not a material difference that should preclude me from following the *Martin* rational.

In a recent Ninth Circuit case from the Central District, *In re Odom,* 113 B.R. 623 (C.D.Cal.1990), Judge Riblet held that, under its facts, the creditor was not entitled to attorney's fees. In June 1987, the Odoms persuaded plaintiffs to invest in some property. A written contract was prepared, but it did not include an attorney's fees provision. In October 1987, plaintiffs brought suit against the Odoms on several causes of action, including fraudulent misrepresentation. In May 1988, the parties signed a settlement agreement which provided for a promissory note,

---

1. Debtor relies on two Eleventh Circuit Florida cases, *Republic Bank v. Smith,* 72 B.R. 300 (M.D.Fla.1987) and *Maas Brothers, Inc. v. Feddon,* 2 B.R. 322 (W.D.Fla.1980). In *Smith,* Smith provided a materially false financial statement which induced Bank to make him a loan. After Smith filed Chapter 11 Bankruptcy Bank brought a Section 523(a)(2) action and won. Bank requested attorney's fees in its prayer. The loan agreement did not include an attorney's fees provision. The court said, "[e]ven if the promissory note given by Smith to the Bank provides for attorney's fees, any obligation created by that note is a contractual obligation and is not a liability which flows from the tort of false pretenses, which is the

basis of a Section 523(a)(2) action." *Smith* at 301.

In *Feddon,* the underlying contract between the parties did include an attorney's fees provision. Feddon obtained property from Maas Brothers, Inc. under false pretenses and the debt was found nondischargeable. *Feddon* was brought under Section 17(a)(2) of the Bankruptcy Act of 1898, which is essentially the same statute as Section 523(a)(2). The court denied the request for attorney's fees. "Attorney's fees are a species of damages contemplated to flow from a breach of contract action, and they do not reasonably flow from the tort of false pretenses which is the basis of this Sec. 17a(2) action." *Feddon* at 323.

secured by two deeds of trust, and included a provision for attorney's fees. The Odoms failed to pay on the note, and plaintiffs sued. The Odoms filed Chapter 7 bankruptcy. Plaintiffs requested and received a determination of nondischargeability of the debt under § 523(a)(2). They included in the prayer for relief in the complaint a request for attorney's fees.

Judge Riblet held that attorney's fees cannot be awarded unless they are specifically stated in the claim. "[A] request for an award of attorney's fees shall be pleaded as a claim in a complaint...." *Id.* at 625 (citing Bankruptcy Rule 7008(b)). Making a request for attorney's fees solely in the prayer is insufficient. *Id.* (Citing comments to Rule 7008). Even if the request for attorney's fees had been properly pled as a claim, the underlying contract, which was procured by fraud, did not include a provision for attorney's fees. Without the contractual right to attorney's fees, the court could not follow *Martin* and *Chase Manhattan* and award attorney's fees. *Id.*

The underlying contract in the case at hand includes a provision for attorney's fees for any action based upon the note. The case law discussed above allows for recovery by creditors of attorney's fees in § 523(a)(2)(A) and (B) actions when there is an underlying contractual right to attorney's fees.

In plaintiff's complaint, a request for attorney's fees was stated as a claim—as required under Bankruptcy Rule 7008(b)—and requested as part of creditor's request for relief. Accordingly, I hold that attorney's fees incurred by plaintiff in pursuing and prevailing in a § 523(a)(2)(A) action are recoverable.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.