**In re Anja K. ATCHISON, Debtor.**

**Gary Headrick, Plaintiff,**

v.

**Anja K. Atchison, Defendant.**

**Bankruptcy No. 99–05062–8C7.**
**Adversary No. 00–069.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 29, 2000.

Andrew B. Spark, Sarasota, FL, for plaintiff.

*ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES*

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This adversary proceeding came on for consideration of the plaintiff's motion for costs and attorney's fees (Document No. 33).

### I.

The plaintiff filed this adversary proceeding on January 28, 2000. The plaintiff asserted in his complaint that a state court judgment debt owed to him by the debtor/defendant for civil theft was non-dischargeable pursuant to Sections 523(a)(4), 523(a)(6), and 523(a)(15) of the Bankruptcy Code. The state court judgment was in the total amount of $63,450. According to the state court judgment, $60,000 represented trebled damages for civil theft, $3,000 represented the creditor's attorney's fees in the state court action, and $450 represented the creditor's costs in the state court action. In addition to a determination of the dischargeability of this judgment debt, the plaintiff sought attorney's fees for pursuing the dischargeability proceeding in this court pursuant to Section 772.11, Florida Statutes.

On October 13, 2000, the court entered an order granting plaintiff's motion for judgment on the pleadings (Document No. 31). At the same time, the court entered a judgment in favor of the plaintiff determining that the $63,450 judgment debt owed to the plaintiff by the debtor was excepted from discharge (Document No. 32). This court also awarded the plaintiff his costs of action incurred in successfully prosecuting this dischargeability proceeding to be taxed in the manner required by F.R.B.P. 7054(b) and L.B.R. 7054–1.

The plaintiff now seeks $150 in costs and $8,629.25 in attorney's fees on account of work performed in this proceeding.

## II.

■ As to the costs, the plaintiff seeks the taxation of the $150 filing fee. That is an appropriate item of taxable costs, 28 U.S.C. § 1920(1), and the court will therefore enter a separate order taxing those costs and adding them to the judgment. *See Official Committee of Unsecured Creditors v. Liberty Savings Bank (In re Toy King Distributors, Inc.)*, 256 B.R. 1, 210–11 (Bankr.M.D.Fla.2000).

## III.

■ As to the attorney's fees, there is "[n]o statutory basis in the Bankruptcy Code that provides generally for attorney's fees for a prevailing creditor in a § 523 action." *James R. Barnard, D.D.S., Inc. v. Silva (In re Silva)*, 125 B.R. 28, 30 (Bankr.C.D.Cal.1991). "Without a statutory right to collect attorney's fees, the creditor must have an independent right on which to base an award of attorney's fees." *Id.* Thus, if a bankruptcy court liquidates a claim and also determines its dischargeability under the Bankruptcy Code, the liquidated claim may include an attorney's fee component only if the contract or a statute provides for such an award.

In *TranSouth Financial Corp. of Florida v. Johnson (In re Johnson)*, 931 F.2d 1505, 1509 (11th Cir.1991), for example, the court held that "a creditor successful in a dischargeability proceeding may recover attorney's fees when such fees are provided for by an enforceable contract." In that case, the plaintiff sought both to liquidate its claim and to determine the liquidated claim to be non-dischargeable in the bankruptcy court. As part of a settlement in the bankruptcy court of that adversary proceeding, the debtor/defendant and the plaintiff stipulated to the amount of the debt, including attorney's fees, and to the non-dischargeability of all amounts included in the settlement. The bankruptcy court disapproved the portion of the settlement that included the attorney's fees. On appeal, the district court affirmed the bankruptcy court. The court of appeals,

however, reversed the district court's affirmance of the bankruptcy court's disapproval of the attorney's fees portion of the settlement. The court based its decision on the principle that "attorney's fees are properly awarded to a creditor prevailing in a bankruptcy claim if there exists a statute or valid contract providing therefor." *Id.* at 1507. The "bankruptcy claim" to which the court referred was the contract claim for damages that the plaintiff sought to liquidate in the adversary proceeding. The court of appeals found that the underlying promissory note "clearly and unambiguously [provided] that the [debtors] would be liable for [the creditor's] attorney's fees" as the parties had agreed. *Id.* at 1508. The court, therefore, found that the attorney's fees were an includable component of the plaintiff's damages that were to be non-dischargeable.

In this case, the plaintiff asserts Section 772.11, Florida Statutes, as the basis for an award of attorney's fees rather than an underlying contract. That statute provides that "[a]ny person who proves ... that he or she has been injured in any fashion by reason of any violation of the provisions of §§ 812.012–812.037 ... is entitled to ... reasonable attorney's fees and court costs in the trial and appellate courts." *Id.*

The plaintiff relies on *Cohen v. de la Cruz (In re Cohen)*, 523 U.S. 213, 223, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998), as support for his claim for attorney's fees under this Florida statute. In that case, the Court held that the bankruptcy court's award of treble damages and attorney's fees to the prevailing creditor in a Section 523(a)(2)(A) action was non-dischargeable because it fell within the ambit of a "debt ... obtained by fraud." *Id.*

*Cohen*, however, is inapposite to this case. The *Cohen* case involved a proceeding in which the bankruptcy court liquidated the creditor's claim for fraud. *Id.* at 215–16, 118 S.Ct. 1212. The bankruptcy court determined the claim of fraud pursu-

ant to a state statute that provided for treble damages and attorney's fees as part of its remedy. The bankruptcy court also determined that the entire debt was non-dischargeable. *Id.* The Supreme Court approved this treatment. In effect, *Cohen* held that not only were the plaintiff's compensatory damages excepted from the discharge, but the trebled damages and the attorney's fees were similarly non-dischargeable because they were part of the plaintiff's statutory remedy.

Although the plaintiff here relies upon a state statute similar to the one relied upon by the bankruptcy court in *Cohen* to establish his entitlement to attorney's fees, the issue before the bankruptcy court in this case was very different. The plaintiff here brought this proceeding solely to determine the character of the liability that had been established conclusively by the state court. Unlike the *Cohen* case, therefore, this proceeding was not an action brought to determine whether the plaintiff had been injured by the debtor/defendant's violation of the state civil theft statute or to determine the amount of damages suffered on account of such civil theft. This court was therefore not asked to decide any questions of state law under the state civil theft statute. Accordingly, the bankruptcy court does not qualify as a "trial or appellate court" within the meaning of Section 772.11, Florida Statutes. *See, e.g., Barnett Bank of Tampa, N.A. v. Maestrelli (In re Maestrelli),* 172 B.R. 368, 371 (Bankr. M.D.Fla.1994) [drawing a distinction between a "proceeding to determine dischargeability *vel non* of an obligation" and a contract case].

Moreover, it is clear that *Cohen* does not itself create an independent right to attorney's fees for the benefit of a party who prevails in a Section 523 dischargeability proceeding. Instead, it clarifies that attorney's fees supported by statute are included in the debt that may be determined to be non-dischargeable.

In *Renfrow v. Draper (In re Draper),* 232 F.3d 688 (9th Cir.2000), for example, the court made a clear distinction between awarding attorney's fees for work performed in a bankruptcy case that related to state law issues and work performed in a bankruptcy case that related to bankruptcy law issues. The court held that the prevailing party was entitled to an award of attorney's fees, as provided for under state statute, only to the extent that the work performed by counsel was necessary to demonstrate "the validity of the debt [at issue] under state law and the amount that [was] owing." *Id.* at *7, 232 F.3d 688. The court excluded attorney's fees for work performed in litigating the dischargeability issues stating that, "[b]ecause the issues presented in [the dischargeability claim] are purely federal, no attorney's fees may be awarded by a bankruptcy court for litigating these questions." *Id.*

In this case, the issues before the bankruptcy court were exclusively issues of federal bankruptcy law. The state court determined all issues of state law and included in its judgment attorney's fees for work performed in litigating those issues. This court then determined that the state court judgment, including the attorney's fees, was excepted from discharge, a result consistent with Florida law, the Bankruptcy Code, and *Cohen.*

On these facts, the court concludes that the plaintiff has failed to establish any independent contractual or statutory basis for an award of attorney's fees in this proceeding. Thus, this court may not include an award of attorney's fees for merely determining the dischargeability of the debt. Accordingly, the court denies the plaintiff's request for an award of attorney's fees.