**In re Kathleen Marie BERNHARDY, Debtor.**

**FIRST NATIONAL BANK OF LINCOLNSHIRE, Plaintiff,**

**v.**

**Kathleen Marie BERNHARDY, Defendant.**

**Bankruptcy No. 87 B 10753. Adv. No. 87 A 1040.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 18, 1989.

Richard Zabelski, Evanston, Ill., for debtor, defendant, Kathleen Marie Bernhardy.

Keevan D. Morgan, Morgan & Bley, Ltd., Chicago, Ill., for plaintiff, First Nat. Bank of Lincolnshire.

## MEMORANDUM AND ORDER

THOMAS JAMES, Bankruptcy Judge.

Plaintiff, First National Bank of Lincolnshire, has moved for summary judgment on the request of Kathleen Marie Bernhardy, defendant, for the allowance of fees pursuant to § 523(d) of the Bankruptcy Code which provides that the court may award costs and reasonable attorney's fees to a debtor where the court has discharged a debt of a creditor who has requested a determination of the dischargeability of the debt under Code § 523(a)(2). The court for the reasons stated will deny First National's motion.

On September 27, 1988, this court held a trial on First National's complaint under Code § 523(a)(2) to determine the dischargeability of an alleged debt that Kathleen owed to First National. After First National had completed presentation of its evidence, Kathleen moved for dismissal under Fed.R.Civ.P. 41(b) [Bankruptcy Rule 7041] on the ground that upon the facts and the law First National had shown no right to relief. This court granted the motion and dismissed the complaint for the reasons stated in open court on that date.

First National appealed. On April 17, 1989, the district court affirmed this court's decision dismissing First National's adversary proceeding. On May 25, 1989, Kathleen filed her petition requesting the allowance of fees.

First National contends that Kathleen's request filed on May 25, 1989 should be denied because she did not specifically request attorney's fees in her answer to the adversary proceeding and because the filing on May 25 was untimely. We do not agree with First National's contentions. Some courts without reference to such a provision have held that a debtor must request an award in the answer to the complaint, e.g., *In re Finnie*, 21 B.R. 368, 371 (Bkrtcy.D.Mass.1982). Others, that a debtor need not plead a request for fees in the answer, e.g., *In re Sidore*, 41 B.R. 206, 209 (Bkrtcy.W.D.N.Y.1984). The latter is the proper view. There is no provision in the Code or the rules that requires Kathleen to plead a request for attorney's fees.

Code § 523(d) places any plaintiff who files an adversary proceeding under Code § 523(a)(2) on notice that a debtor may be entitled to costs and reasonable attorney's fees if the court dismisses the complaint. If we must find some request in the answer, we are of the opinion that the general language of the prayer in Kathleen's answer to grant her "such other relief as is just" is sufficient. This general language and the provisions of Code § 523(d) gave First National sufficient notice that Kathleen would be able to seek a judgment against First National for costs and fees, if Kathleen's alleged debt is discharged. We do not believe that the provision that the court "shall grant judgment" is to be considered as requiring some type of "pleading" to obtain the award. A judgment gives a defendant the means to collect any award. We conclude that First National may not claim that Kathleen is precluded from filing her petition for costs and fees based on her failure to request them specifically in her answer.

This court also finds that Kathleen has timely moved for an award even though she submitted her motion to the court some eight months after this court's dismissal of plaintiff's complaint. There should not be as suggested in *In re Finnie*,

**200**

21 B.R. at 371, a requirement that if a debtor has "properly" requested an award in his answer he should move for the assessment of such costs and fees within 10 days of a dismissal of the complaint. The timeliness of a debtor's request is determined by the answer to the question of whether the time of the filing has prejudiced the creditor. Any other court imposed limitation defeats the purpose of Code § 523(d) to discourage creditors from initiating proceedings to obtain a false financial statement exception to discharge in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair the debtor's fresh start and are contrary to the spirit of the bankruptcy laws. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 80, reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 5866.

■ This discussion, of course, leads to the court's conclusion that all a debtor must do to obtain an award under Code § 523(d) is to submit a *timely* request in a form sufficient to apprise the creditor of grounds therefor. Certainly, it was timely for Kathleen to submit her request after disposition of the appeal for until that time she could not be certain that the alleged debt would be discharged. Moreover, there might be entitlement to attorney's fees on the appeal. We also note that First National has not submitted any evidence at this time that Kathleen's filing on May 25, 1989 has prejudiced the bank. The court may not grant First National's motion for summary judgment for the court is satisfied from the evidence now before it that Kathleen has under the applicable law made a proper and timely request for fees under Code § 523(d).

It is therefore ordered that the motion of First National Bank of Lincolnshire, plaintiff, for summary judgment is denied.