In re John ODOM and Carol Odom dba Central Coast Appraisal, Central Coast Realty and Odom Insurance, Debtor(s).

Luz GARCIA and Frank Mendoza, Plaintiff(s),

v.

John ODOM and Carol Odom dba Central Coast Appraisal, Central Coast Realty and Odom Insurance, Defendant(s).

Bankruptcy No. LA88–25746RR.
Adv. No. LA89–00443RR.

United States Bankruptcy Court,
C.D. California.

April 12, 1990.

Christopher Guenther, San Luis Obispo, Cal., for plaintiff.

Richard Rossi, San Luis Obispo, Cal., for defendants-debtors.

MEMORANDUM OF DECISION

ROBIN L. RIBLET, Bankruptcy Judge.

On December 13, 1989, the day before trial in the present adversary proceeding,

the parties reached a stipulated judgment in which the Plaintiffs' prior state court judgment against the Debtors was deemed nondischargeable in the amount of $37,500. As part of the settlement the parties requested that the court determine the amount of attorneys' fees, if any, to which Plaintiffs were entitled as the prevailing party.

Plaintiffs argue that they are entitled to all fees incurred in enforcing the state court judgment as well as in the dischargeability action. Debtors' position is that no fees should be awarded to Plaintiffs. Based upon applicable law, the Court concludes that Plaintiffs are not entitled to an award of attorneys' fees under the facts of this case.

## FACTS

In June 1987, the Odoms contacted Plaintiffs about investing in property located in Santa Maria, California. Based on Debtors' representations concerning the financial soundness of the investment, Plaintiffs entered into a written contract with the Odoms in which Plaintiffs agreed to purchase a 25% interest in the property for $29,000. Plaintiffs paid the purchase price in cash but Debtors failed to convey any interest in the property or return the monies to Plaintiffs. The written agreement did not provide for attorneys' fees in the event of legal action to enforce the agreement.

In October 1987, Plaintiffs brought an action in state court against the Odoms seeking relief based on several causes of actions, including fraudulent misrepresentation. The parties subsequently settled the state court action in May 1988. The settlement agreement provided, among other .things, that the Odoms would pay to Plaintiffs $35,421.29 evidenced by a promissory note secured by two deeds of trust on the Odoms' property. The settlement provided for $3,000 in attorneys fees incurred in the state action. The settlement agreement and promissory note additionally included provisions for payment of future attorneys' fees in the event either party brought an action relating to the settle-

ment agreement or to enforce payment on the note.

The Odoms failed to fulfill their obligations under the note and settlement agreement. As a result, Plaintiffs' brought a second state court action to enforce the settlement agreement and to collect under the stipulated judgment obtained in the first action. In December 1988, while the second action was pending, the Odoms filed their chapter 7 petition.

In March 1989, Plaintiffs commenced the present adversary proceeding against Debtors, objecting to the Debtors' discharge under 11 U.S.C. § 727(a) and requesting a determination of nondischargeability in the amount of $37,922.54 under 11 U.S.C. § 523(a)(2), (4) and (6). Plaintiffs' dischargeability complaint included a prayer for attorneys' fees and costs "on the Third, Fourth, and Fifth Causes of Action" as well as an additional prayer for such fees and costs "on all Causes of Action." None of the causes of action in the complaint makes reference to attorneys' fees incurred in the first or second state court action. There is no mention of the second state court action in the complaint.

## DISCUSSION

Plaintiffs argue that they are entitled to an award of $3,000 in fees incurred in the first state court action; $2,346.00 in fees incurred in the second action; and $16,-170.50 for fees in the dischargeability action.

■ Rule 9(g) of the Federal Rules of Civil Procedure, made applicable in adversary proceedings under Bankruptcy Rule 7009(g), provides that "[w]hen items of special damage are claimed, they shall be specifically stated." Requests for attorney fees are items of special damage which must be specifically plead pursuant to Rule 9(g). *Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.,* 474 F.2d 840, 843 (3rd Cir.1973). Failure to plead with the requisite specificity bars recovery for the items of special damage. Wright & Miller, 5 *Federal Practice & Procedure:* § 1312 (5th Repr.1988); *In re American Casualty Co.,* 851 F.2d 794, 802 (6th Cir.1988).

In *Maidmore*, one of the defendants by way of cross-complaint sought to foreclose its mortgage, and to recover any deficiency as well as "court costs of this action, including a reasonable attorney's fee...." *Maidmore*, 474 F.2d at 841. During proceedings on the cross-complaint, the defendant requested $18,500 in attorneys' fees for collection services, pursuant to the provisions of its mortgage agreement, rendered over a five year period prior to the filing of its cross-complaint. In affirming the district court's denial of $18,500 in fees, the Third Circuit held that the fees could not be awarded since defendant failed to include in its cross-complaint allegations of the prior incurred fees under Rule 9(g). *Id.* at 843.[1]

■ Despite Plaintiffs' prayer here for fees "on all causes of action" in its dischargeability complaint, *Maidmore* demonstrates that plaintiffs are not entitled to fees incurred in the two state court actions. Not only did Plaintiffs fail to plead allegations of fees incurred in those actions, but there is no mention of the second state court action anywhere in the complaint. As a result, Rule 9(g) bars recovery of attorneys' fees incurred in the two state court actions.[2]

■ The question remains whether Plaintiffs' fees incurred in the dischargeability action may be awarded. Bankruptcy Rule 7008 incorporates Rule 8, of the Federal Rules of Civil Procedure. Rule 7008 varies from the Federal Rules, however, by adding an additional requirement in subsection (b) that "[a] request for an award of attorneys' fees shall be pleaded *as a claim* in a complaint ... answer, or reply as may be appropriate." [emphasis added] Although plead with specificity, Plaintiffs' request for fees is in the form of a prayer only. Such a request is deemed

insufficient under Rule 7008(b). (*See*, comments to Rule 7008).

■ Even if Plaintiffs had properly plead their request for fees incurred in the present nondischargeability action, an award of fees would not be warranted under the facts in this case. Plaintiffs point out that where a prevailing creditor in a dischargeability action had a contractual right to receive attorneys' fees, courts have awarded fees as part of the debt excepted from discharge. *See, e.g. In re Martin*, 761 F.2d 1163 (6th Cir.1985); *Chase Manhattan Bank v. Birkland*, 98 B.R. 35 (W.D.Wash.1988) In both *Martin* and *Chase Manhattan Bank* the agreement to pay attorneys' fees had been provided for in promissory notes on which the debtors defaulted. Similarly, the settlement agreement as well as the promissory notes which the parties executed in settlement of first state action here contained provisions for attorneys' fees incurred in enforcing either the agreement or the notes.

The Court might have been inclined to follow *Martin* and *Chase Manhattan Bank* if the settlement agreement in the first action was the basis of Plaintiffs' dischargeability action. However, Plaintiffs brought their complaint based on the underlying fraud claim it had against the debtors, rather than to enforce the settlement agreement in the first state court action. This conclusion is further borne out by the Court's prior ruling on debtors' motion for summary judgment. Debtors had argued on summary judgment that once the parties entered into a settlement agreement on Plaintiffs' original claim for fraud in the state court, the agreement extinguished the underlying action for fraud and limited any future relief to an action for enforcement of the agreement. As such, the exception to discharge would not apply since the debt technically would

---

**1.** The Third Circuit noted further that amendment of defendant's pleading was not sought under FRCP Rule 15(a), and there were no facts to suggest implicit consent for amendment under Rule 15(b).

**2.** As an independent basis for denying $3,000 in fees incurred in the first state court action, Debtors argue that those fees were included as

part of the total settlement amount of $35,-421.29 in the first state court action. We agree. There is no indication that the $3,000 in fees was separate and additional to the total award figure. Part of the initial state court settlement, the fees thereafter merged into the settlement total of the present dischargeability action.

have arisen out of the settlement agreement rather than from the underlying fraud claim.

The Court ruled against debtors based on the reasoning of *Greenberg v. Schools,* 711 F.2d 152 (11th Cir.1983) In *Greenberg,* the court held that a debt which originates from the debtor's fraud should not be discharged merely because the debtor entered into a settlement agreement. *Id.* at p. 156. The Eleventh Circuit noted that to give effect to the settlement would permit "the discharge of debts that Congress intended to survive bankruptcy." *Id.* at p. 154. Consequently, the court of appeals instructed the bankruptcy court on remand to "inquire into the factual circumstances behind the settlement agreement to ascertain whether or not the debt ... was derived from the [debtor's] alleged fraudulent conduct." *Id.* at p. 156.

Based on *Greenberg* and the framing of plaintiffs' complaint, we must look to the parties' original real estate investment transaction to determine whether plaintiffs had a contractual right to receive fees in the event of legal action. The written agreement for purchase by the Plaintiffs of a 25% interest in real estate owned by the Debtors for the sum of $29,000 did not include a provision for attorneys' fees. Consequently, there is no contractual basis on which Plaintiffs are entitled to attorneys' fees as the prevailing creditor in their dischargeability action. At the same time, there is no statutory basis on which to award fees in this instance. Section 523(d) of the Bankruptcy Code authorizes the awarding of fees to a debtor who successfully defends a dischargeability action; there is no such provision for prevailing creditors. In fact, the legislative history of 11 U.S.C. § 523 indicates that Congress did not wish to award fees to prevailing creditors in dischargeability actions because creditors could use the high cost of attorneys' fees and litigation costs to exert pressure on debtors to reaffirm their debts. *See,* H.R.Rep. No. 95–595, 95th Congr. 1st Sess. 131; 1978 U.S.Code Congr. & Admin. News 5787, 6092.

Based on the above, the Court declines to award Plaintiffs their attorneys' fees incurred in either the two state court actions or their dischargeability action.