In The Matter of Frank
L. DeMAIO, Debtor.

HARTFORD POLICE F.C.U., Plaintiff,

v.

Frank L. DeMAIO, Defendant.

Bankruptcy No. 2–91–00456.
Adv. No. 91–2104.

United States Bankruptcy Court,
D. Connecticut.

April 22, 1993.

Robert C. Lubus, Jr., Grady & Riley, Waterbury, CT, for plaintiff.

Raymond C. Bliss, Kantor and Silver, P.C., East Hartford, CT, for defendant-debtor.

*MEMORANDUM OF DECISION*

ROBERT L. KRECHEVSKY, Chief Judge.

I.

The principal issues raised in this proceeding are whether, or to what extent, a

debt owed by the Chapter 7 defendant-debtor to the plaintiff-credit union is non-dischargeable and whether the debtor is entitled to a Code § 727 discharge. The following background is based upon a trial held on November 18, 1992.

## II.

The debtor, a former police officer, applied to the plaintiff, The Hartford Police Federal Credit Union, for a $150,000 secured loan to be used to purchase a balloon business and to pay off a second mortgage on the debtor's residence. The loan was to be secured by a second mortgage on the residence. In the loan application dated October 13, 1989, the debtor disclosed that the residence was subject to a first mortgage held by the New Haven Savings Bank (Savings Bank), and a second mortgage held by Security Pacific Finance Corporation (Security).

The plaintiff approved the requested loan [1] and scheduled a mortgage loan closing at its attorney's office for November 1, 1989. At the closing, the debtor executed a mortgage note and deed and delivered a fire and liability insurance policy certificate identifying the plaintiff as holding a second mortgage lien. The plaintiff's attorney presented a check to the debtor for $149,-216.50, deducting only for closing costs from the $150,000 loan. The attorney neglected to withhold the monies needed to pay off the Security mortgage. The debtor took the check without comment.

The debtor initially deposited the check in an account at the plaintiff. He used part of the funds to purchase the balloon business and then transferred the balance to an account he opened at the Connecticut National Bank. He subsequently used all of the remaining funds to pay accumulated bills and living expenses.

The debtor filed a chapter 7 bankruptcy petition on February 13, 1991. He scheduled the plaintiff as a third mortgagee on his residence, with the Savings Bank and Security shown as the first and second

mortgagees, respectively. The court thereafter granted all three mortgagees relief from stay to permit foreclosure of their mortgages. The plaintiff received no payment on its debt during the state-court foreclosure proceeding by virtue of it being the third encumbrancer.

The plaintiff's complaint, filed on May 23, 1991, alleges (a) in the First Count that its entire unpaid debt is nondischargeable under Code § 523(a)(2)(A) as money obtained by false pretenses, false representations, or fraud; (b) in the Second Count that the money due Security at the loan closing but received and retained by the debtor represents a nondischargeable debt under Code § 523(a)(4) as one based upon embezzlement; and (c) in the Third Count that the debtor is not entitled to a discharge under Code § 727 because he concealed assets, failed to explain his loss of assets, and destroyed property.

## III.

### A.

■ The court holds the plaintiff is entitled to judgment on the Second Count of the complaint. The court is convinced, based upon the record made at the trial, that when the debtor received the $149,-216.50 check he knew that a mistake had been made and that he had received the monies due Security; that the debtor knew he had an obligation to grant the plaintiff a second mortgage; and that when the debtor diverted these monies for other purposes he knew he was misappropriating the monies. Embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." 3 *Collier on Bankruptcy*, ¶ 523.14[3] at 523–113 (15th ed. 1992). *Cf. Transamerica Commercial Fin. Corp. v. Littleton*, 942 F.2d 551, 555 (9th Cir.1991) (Embezzlement requires "(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other

---

**1.** The plaintiff had turned down the debtor's initial request for a loan in the amount of $185,- 000.

than which it was entrusted; and (3) circumstances indicating fraud.").

The court concludes the debtor's actions constitute embezzlement and that the sum of $84,000 due from the debtor to the plaintiff is a nondischargeable debt. The only testimony as to the amount due Security on November 1, 1989 came from the debtor who estimated he owed Security at that time "around" $84,000 to $85,000.

### B.

The court concludes that the plaintiff is not entitled to a finding of nondischargeability under the First count because the plaintiff did not show that the debtor fraudulently *obtained* the loan proceeds. The failure to satisfy the existing second mortgage was not a pre-loan scheme to obtain funds; the debtor simply capitalized on the plaintiff's attorney's error. "Not all frauds are included within the exception of section 523(a)(2)(A), but only those which are involved in the obtaining of money ... 'by false pretenses or false representations.'" 3 *Collier on Bankruptcy* ¶ 523.08 at 523-49 (15th ed. 1992).

### C.

The plaintiff did not establish at trial any of the allegations contained in the Third Count of the complaint. The plaintiff did, however, seek to establish other grounds for denial of the discharge, but since these grounds were not pleaded and the debtor objected at trial to the introduction of such evidence, they will not be addressed.[2] *See* Fed.R.Bankr.P. 7015.

### IV.

A judgment will enter that the sum of $84,000 due from the debtor to the plaintiff is not discharged.

### JUDGMENT

This action came on for trial before the court, Honorable Robert L. Krechevsky,

---

2. The clerk's office erroneously allowed the debtor's discharge to be issued on June 19, 1991,

Chief Bankruptcy Judge, presiding, and the issues having been duly tried, and a decision having been duly rendered, it is

ORDERED AND ADJUDGED that the sum of $84,000 due from the debtor to the plaintiff is not discharged.

while this complaint was pending.