In the Matter of Frank L.
DeMAIO, Debtor.

HARTFORD POLICE F.C.U., Plaintiff,

v.

Frank L. DeMAIO, Defendant.

Bankruptcy No. 2–91–00456.
Adv. No. 2–91–2104.

United States Bankruptcy Court,
D. Connecticut.

Sept. 17, 1993.

Robert C. Lubus, Jr., Grady & Riley, Waterbury, CT, for plaintiff.

Raymond C. Bliss, Kantor and Silver, P.C., East Hartford, CT, for defendant-debtor.

## MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

At issue in this litigation is whether the plaintiff, the prevailing party in a Bankruptcy Code § 523(a)(4) exception to discharge proceeding, is barred from recovering attorney's fees because it failed to sufficiently plead in its complaint a claim for attorney's fees and produced no evidence at trial on its entitlement to such fees.

## II.

### BACKGROUND

After a full trial and the submission of post-trial briefs by the parties, the court entered judgment in favor of the plaintiff, Hartford Police F.C.U., on April 22, 1993 excepting from discharge the sum of $84,-000 which the court found the debtor-defendant, Frank L. DeMaio, embezzled from the plaintiff during a mortgage loan transaction. *See Hartford Police F.C.U. v. De-Maio (In re DeMaio)*, 159 B.R. 383, 384–85 (Bankr.D.Conn.1993). Neither the judgment nor the supporting memorandum of decision contained an award of attorney's fees. The clerk's office thereafter closed the adversary proceeding. The plaintiff moved to reopen the proceeding in order to seek an amendment of the judgment to include an award of attorney's fees contending that the terms of the mortgage note contained an attorney's fee provision.

After the court granted the motion to reopen, the plaintiff moved, on July 8, 1993, for approval of attorney's fees incurred by it in establishing its mortgage debt and the nondischargeability of such debt. The parties have submitted the matter upon briefs.

The plaintiff contends that the court failed to award attorney's fees in its April 22, 1993 ruling because of either "a clerical mistake or an inadvertent omission." Plaintiff's Brief at 3. It argues that the court has the discretion to reconsider the issue of awarding attorney's fees and to amend the judgment previously handed down. As authority for these propositions, the plaintiff cites Fed.R.Civ.P. 60[1] and claims that this rule gives a court "the power to correct clerical errors" in judgments. Plaintiff's Brief at 3.

1. Fed.R.Civ.P. 60 provides:
   (a) *Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.
   (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.* On motion and upon such terms as are just,

The defendant argues, *inter alia*, that the plaintiff failed to specifically plead its claim for attorney's fees, as required by Fed.R.Bankr.P. 7008(b),[2] and therefore is barred from asserting this claim after judgment has been entered.

The court's April 22, 1993 ruling was based on Count II of the plaintiff's complaint which pleaded an exception from discharge under § 523(a)(4) (debt for embezzlement excepted from discharge). Plaintiff's Count II consisted of nineteen numbered paragraphs, with Paragraphs 1–18 incorporating by reference the allegations in Count I and Paragraph 19 alleging nondischargeability pursuant to § 523(a)(4). None of the paragraphs assert a claim for attorney's fees. However, in the prayer for Count II, the plaintiff "requests ... reasonable attorney's fees incurred in prosecution and collection of this action and costs of collection, both as permitted by the note...." Plaintiff's Complaint at 3.

The plaintiff did not raise the claim of attorney's fees in its pre-trial memorandum, during trial, or in its post-trial memorandum. For the purposes of the present motion, the plaintiff submitted itemized fees totalling $13,875, the reasonableness of which the defendant does not contest.

## III.

### DISCUSSION

Fed.R.Bankr.P. 7008(b), effective August 1, 1983, deals with a request for attorney's fees in an adversary proceeding. The rule states that a party's request for attorney's fees *"shall* be pleaded as a claim in a complaint...." Fed.R.Bankr.P. 7008(b) (emphasis added).

the court may relieve a party or a party's legal representative from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

2. Fed.R.Bankr.P. 7008(b) provides:
   (b) *Attorney's fees.* A request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate.

■ Rule 7008(b) has no counterpart in the Federal Rules of Civil Procedure, but Fed.R.Civ.P. 9(g),[3] incorporated by Fed. R.Bankr.P. 7009, requires that a claim for an item of special damage must be "specifically stated" in the pleadings. Fed. R.Civ.P. 9(g). A claim for attorney's fees is an item of special damage. *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F.2d 712, 716 n. 4 (4th Cir.), *cert. denied*, 464 U.S. 848, 104 S.Ct. 155, 78 L.Ed.2d 143 (1983); *Maidmore Realty Co. v. Maidmore Realty Co.*, 474 F.2d 840, 843 (3rd Cir.1973) ("Claims for attorney fees are items of special damage which must be specifically pleaded under [Fed.R.Civ.P.] 9(g)."); *Western Casualty and Sur. Co. v. Southwestern Bell Tel. Co.*, 396 F.2d 351, 356 (8th Cir.1968) ("Claims for attorneys' fees are ... items of special damage which must be specifically pleaded under Fed. R.Civ.P. 9(g)."); *Garcia v. Odom (In re Odom)*, 113 B.R. 623, 624 (Bankr.C.D.Cal. 1990) ("Requests for attorney fees are items of special damage which must be specifically plead pursuant to Rule 9(g).").

■ Fed.R.Civ.P. 10(b),[4] incorporated by Fed.R.Bankr.P. 7010, requires that all claims in pleadings be made in the form of numbered paragraphs. The plaintiff made a request for attorney's fees in the prayer at the end of Count II of the complaint, but nowhere in the complaint is the plaintiff's request for attorney's fees specifically stated as a claim in a numbered paragraph. Statements made in a *prayer* are insufficient to satisfy the requirement that attorney's fees be stated as a *claim*. *Odom*, 113 B.R. at 625 ("Although plead with specificity, Plaintiff's request for fees is in the form of a prayer only. Such a request is deemed insufficient under Rule 7008(b).").

■ The general rule in federal courts where a plaintiff has failed under Fed. R.Civ.P. 9(g) to sufficiently plead a claim for special damages is to bar recovery on that claim. *Smith v. DeBartoli*, 769 F.2d 451, 453 n. 2 (7th Cir.1985) ("[S]pecial dam-

ages ... must be alleged in the complaint to be recovered."), *cert. denied*, 475 U.S. 1067, 106 S.Ct. 1380, 89 L.Ed.2d 606 (1986); *American Casualty Co. v. City of Detroit (In re American Casualty Co.*, 851 F.2d 794, 802 (6th Cir.1988) (" 'In the absence of allegations that the pleader is entitled to attorney's fees, ... such fees cannot be awarded.' ") (quoting *Maidmore*, 474 F.2d at 843); *Atlantic Purchasers*, 705 F.2d at 716 n. 4 (barring claim for attorney's fees because plaintiff "failed to state specifically the claim for fees in the complaint"); *Odom*, 113 B.R. at 625 (denying the recovery of attorney's fees incurred by plaintiffs in two previous state court actions because their § 523(a) complaint failed to allege the incurrence of those special damages in their complaint, as required by Fed. R.Civ.P. 9(g)); 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1312, at 712 (1990) ("When special damages ... are sought, a failure to plead with the requisite specificity ... bars recovery for the items of special damage....").

■ Bankruptcy courts have applied Fed.R.Bankr.P. 7008(b) similarly, denying requests for attorney's fees when not pleaded as a claim in the complaint. In *Odom*, the bankruptcy court denied recovery of attorney's fees incurred during a 523(a) proceeding because the plaintiffs had failed to meet the pleading requirements of Rule 7008(b). 113 B.R. at 625. As in the present case, the plaintiffs in *Odom* included their request for attorney's fees in the form of a prayer only. The *Odom* court found that "[s]uch a request is deemed insufficient under Rule 7008(b)." *Id.; cf. Barnard v. Silva, (In re Silva)*, 125 B.R. 28, 31–32 (Bankr.C.D.Cal.1991) (discussing with approval the *Odom* court ruling on the procedural requirements of Rule 7008(b)). *But see First Nat'l Bank v. Bernhardy (In re Bernhardy)*, 103 B.R. 198, 199 (Bankr.N.D.Ill.1989) (holding,

---

**3.** Fed.R.Civ.P. 9(g) provides:

(g) *Special Damage.* When items of special damage are claimed, they shall be specifically stated.

**4.** Fed.R.Civ.P. 10(b) provides:

(b) *Paragraphs; Separate Statements.* All averments of claim or defense shall be made in numbered paragraphs....

without discussing Rule 7008(b), that "[t]here is no provision in the Code or the rules that requires [a debtor] to plead a request for attorney's fees" and that if there were such a provision requiring specific pleading, a prayer for " 'such other relief as is just' is sufficient"); *accord, Thorp Credit, Inc. v. Smith (In re Smith)*, 54 B.R. 299, 303 (Bankr.S.D.Iowa 1985) ("[T]here [is no] good reason to hold that such pleading is required. 'Since § 523(d) clearly states that the debtor is entitled to costs and reasonable attorney's fees, the creditor is on notice that loss of his claim could result in his being assessed those fees and costs.' ") (quoting *Commercial Union Ins. Co. v. Sidore (In re Sidore)*, 41 B.R. 206, 209 (Bankr.W.D.N.Y.1984)).

*Bernhardy, Smith,* and *Sidore* can be distinguished from *Odom* in that those courts stated that § 523(d), which grants the statutory authority for attorney's fees to *debtors only,* puts plaintiff-creditors on notice that a debtor may seek an award of attorney's fees, and that such notice is sufficient to satisfy the principles behind the requirements of specific pleading rules. *Odom,* on the other hand, involved a *creditor's* attempt to recover attorney's fees, and thus § 523(d) did not apply to put defendant-debtors on notice. *See also Montgomery Ward and Co. v. Blackburn (In re Blackburn)*, 68 B.R. 870, 881 (Bankr. N.D.Ind.1987) (reaching the opposite conclusion of *Bernhardy* and holding that debtor also must request attorney's fees in the answer to a § 523(a) nondischargeability complaint); *West Springfield M.E. Credit Union v. Finnie (In re Finnie)*, 21 B.R. 368, 371 (Bankr.D.Mass.1982) (before effective date of Rule 7008(b), announcing rule that court would no longer make awards under § 523(d) unless debtor specifically requested attorney's fees in answer to complaint).[5]

IV.

*CONCLUSION*

The plaintiff having (1) failed to plead as a claim its request for attorney's fees in the nondischargeability proceeding; (2) failed to introduce before judgment the basis for, or any evidence of, its attorney's fees such that the issue might have been tried by implied consent; and (3) failed to refer to such claim in its trial memoranda, the plaintiff's motion for an award of attorney's fees must be, and hereby is, denied. It is

SO ORDERED.

---

**5.** Where plaintiffs had met the requirements of Rule 7008(b), but then failed to introduce any evidence to support the claim, several bankruptcy courts have denied recovery. *See Norbank v. Kroh (In re Kroh)*, 87 B.R. 1004, 1008 (W.D.Mo. 1988) (excluding attorney's fees from judgment in favor of plaintiff in § 523(a) proceeding because plaintiff failed to submit any evidence of attorney's fees incurred); *Household Finance Corp. v. Howard (In re Howard)*, 73 B.R. 694, 710 (N.D.Ind.1987) (same).