In re Robert J. CAREY, Debtor.

Charlie Y., Inc., Appellant,

v.

Robert J. Carey, Appellee.

BAP No. EC–10–1309–DHKi.
Bankruptcy No. 09–31861.
Adversary No. 09–02531.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Feb. 17, 2011.

Decided March 4, 2011.

Elizabeth Shoemaker, San Francisco, CA, for Appellant Charlie Y., Inc.

Kenrick Young, Sacramento, CA, for Appellee Robert J. Carey.

Before: DUNN, HOLLOWELL, and KIRSCHER, Bankruptcy Judges.

## OPINION

DUNN, Bankruptcy Judge.

Following trial of an adversary proceeding ("Adversary Proceeding"), the bankruptcy court excepted from discharge Charlie Y., Inc.'s ("Appellant") claim against Robert J. Carey ("Debtor") for breach of a guarantee obligation in circumstances in which Appellant alleged that the Debtor had made written misrepresentations regarding his financial condition. After a judgment was entered in Appellant's favor for $35,000, Appellant moved for an award of attorney's fees in the amount of $43,155.25. Debtor opposed the motion. After a hearing, the bankruptcy court denied Appellant's motion for attorney's fees based on its conclusion that Appellant's complaint in the Adversary Proceeding did not state a claim for attorney's fees consistent with the requirements of Federal Rule of Bankruptcy Procedure 7008(b).[1] For the reasons set forth below, we VACATE the bankruptcy court's dismissal of Appellant's Fee Motion and REMAND to the bankruptcy court to determine an appropriate award of attorney's fees in Appellant's favor.

## FACTS [2]

This appeal results from collection efforts concerning defaults on a restaurant purchase obligation. In 2003, Appellant sold its restaurant business to SGBD Restaurant I LLC, a Delaware limited liability company ("SGBD"). The unpaid balance

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037. The Federal Rules of Civil Procedure are referred to as Civil Rules.

2. Only such factual background from the record of the Adversary Proceeding as is relevant to this appeal is included herein.

of the purchase price was to be paid pursuant to a promissory note ("Promissory Note") in the principal amount of $90,000, bearing interest at 8% per annum, signed on behalf of SGBD by David A. Zebny ("Zebny") and Virginia Ann George ("George") as its Member Managers. The Promissory Note provided that,

> If any action be instituted on this Promissory Note, the undersigned agree to pay such sums as the Court may fix as attorney's fees, costs and expenses associated therewith.

Payment of the Promissory Note was supported by the personal guarantees ("Guarantee") "jointly and severally, unconditionally and irrevocably" of Zebny and George. The Guarantee provided that,

> The undersigned jointly and severally agree to pay on demand ... all expenses of collecting and enforcing this guarantee including, without limitation, expenses and fees of legal counsel, court costs and the cost of appellate proceedings.

In February 2005, the Debtor replaced George as a personal guarantor of payment of the Promissory Note. The Debtor's acceptance of guarantee obligations was documented by a First Addendum to Promissory Note and Personal Guaranty (the "Replacement Guarantee"), dated February 18, 2005, and signed by the Debtor "as an Individual and Member of SGBD ... and Guarantor." Appellant and SGBD agreed in the Replacement Guarantee that the Promissory Note and Guarantee would "remain in full effect" subject to the modifications set forth in the Replacement Guarantee. The Replacement Guarantee further provided that,

> [The Debtor and Zebny] agree to act as responsible parties for all liability under the [Promissory] Note as members of [SGBD] and under the [Guarantee] as

individuals. [The Debtor] has been a member of [SGBD] since its inception.

Following a default by SGBD of its payment obligations under the Promissory Note, Appellant began collection efforts against SGBD and Zebny, resulting in collection of part of the balance owed on the Promissory Note. However, by late 2008, Zebny ceased communicating with Appellant, and Appellant received notice that SGBD had filed for bankruptcy protection. At that point, Appellant contacted the Debtor to collect under the Replacement Guarantee, without success. On or about May 6, 2009, Appellant filed a complaint in Marin County, California Superior Court against the Debtor for collection of the outstanding balance under the Promissory Note. The Debtor filed his chapter 7 bankruptcy petition on or about June 10, 2009.

On or about August 17, 2009, Appellant filed its complaint ("Complaint") to except the Debtor's debt to Appellant under the Replacement Guarantee from discharge pursuant to § 523(a)(2)(B). In the preamble to the Complaint, Appellant stated:

> Plaintiff requests entry of a non-dischargeable judgment against the Debtor for the full amount of any debt (including, but not limited to principal, interest, costs, *and attorney's fees*) determined to be owing to Plaintiff by the Debtor and determined to be non-dischargeable pursuant to 11 U.S.C. § 523. (Emphasis added.)

In Paragraph 1 of the Complaint, Appellant alleged that,

> Plaintiff received a promissory note guaranteed by Defendant, and on May 6, 2009, Plaintiff filed a complaint in Marin County Superior Court to collect from Defendant the amount owed on the promissory note.

In Paragraph 7 of the Complaint, Appellant alleged, among other things, that the

Debtor signed the Replacement Guarantee. In Paragraph 10 of the Complaint, Appellant alleged that,

On or about May 6, 2009, Plaintiff filed a complaint against Defendant in Marin County Superior Court demanding payment of damages in the amount of $37,040.45, interest on such damages, *and attorney's fees.* (Emphasis added.)

In its First Claim for Relief under 11 U.S.C. § 523(a)(2)(B), in Paragraph 19 of the Complaint, Appellant "re-alleges and incorporates by reference the previous allegations of paragraphs 1 through 18 above as though fully set forth herein." In its Prayer for Relief, Paragraph B, Appellant requests "judgment for such non-dischargeable debt in the full amount of Plaintiff's damages (including principal, accrued and accruing interest, costs, *and attorney's fees* ) to be proved at trial. . . ." (Emphasis added.)

In his Answer to the Complaint, the Debtor "prays that Plaintiff's Complaint be dismissed and Defendant be awarded *reasonable attorney's fees* and for any other relief the court may deem appropriate." (Emphasis added.)

The Adversary Proceeding was tried by the bankruptcy court on May 13, 2010. In her opening statement at the trial, counsel for Appellant requested an exception to discharge determination as to Appellant's damages "plus legal costs and attorneys' fees" but otherwise did not present any evidence as to the attorney's fees that Appellant sought to collect from the Debtor at the trial.

Following the presentation of evidence, the bankruptcy court made oral findings in favor of Appellant on its § 523(a)(2)(B) claim for relief. An exception to discharge judgment ("Judgment") in favor of Appellant, awarding damages of $35,000 against the Debtor, was entered on May 13, 2010. Neither party appealed the Judgment.

On or about May 27, 2010, Appellant filed a Bill of Costs requesting a total costs award of $1,688.56. The bankruptcy court denied Appellant an award of costs, stating as the reason:

The judgment entered in this case on May 13, 2010 does not award costs to the Plaintiff, so your Bill of Costs will not be entered.

Appellant did not appeal the denial of its Bill of Costs.

On or about June 10, 2010, Appellant filed a motion ("Fee Motion") for approval of an award of attorney's fees in the Adversary Proceeding, consistent with the terms of the Promissory Note. Appellant supported the Fee Motion with a Declaration of its counsel itemizing her time with respect to the collection efforts against the Debtor under the Replacement Guarantee. Debtor opposed the Fee Motion.

Following a hearing, the bankruptcy court dismissed the Fee Motion based on its conclusion that the Complaint did not state a claim for attorney's fees as required by Rule 7008(b). The bankruptcy court entered a minute order ("Minute Order") dismissing the Fee Motion on August 13, 2010.

Appellant filed a Notice of Appeal of the Minute Order on August 17, 2010.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (I). We have jurisdiction to determine our jurisdiction. *Hupp v. Educational Credit Management Corp. (In re Hupp),* 383 B.R. 476, 478 (9th Cir. BAP 2008). In this appeal, we conclude that we have jurisdiction under 28 U.S.C. § 158, as discussed below.

## ISSUES

1) Was Appellant's Notice of Appeal filed timely?

2) Did the bankruptcy court err in dismissing the Fee Motion based on its conclusion that the Complaint did not state a claim for attorney's fees consistent with the requirements of Rule 7008(b)?

## STANDARD OF REVIEW

 Review of the bankruptcy court's decision to dismiss the Fee Motion based on failure to state a claim for attorney's fees in the Complaint is analogous to review of a decision on a motion to dismiss for failure to state a claim upon which relief can be granted under Civil Rule 12(b)(6). The standard for review is *de novo*. *Movsesian v. Victoria Versicherung AG*, 629 F.3d 901, 905 (9th Cir.2010). De *novo* means that we look at the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered, giving no deference to the bankruptcy court's determinations. *McComish v. Bennett*, 611 F.3d 510, 519 (9th Cir.2010).

## DISCUSSION

I. *Appellant's Notice of Appeal was timely.*

 The Debtor argues that we have no jurisdiction to hear Appellant's appeal because the notice of appeal was not filed timely. In relevant part, Rule 8002(a) states, "The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." The untimely filing of a notice of appeal deprives us of jurisdiction. *Slimick v. Silva (In re Slimick)*, 928 F.2d 304, 306 (9th Cir.1990); *Greene v. United States (In re Souza)*, 795 F.2d 855, 857

(9th Cir.1986). Debtor's argument is that since the Judgment was entered on May 13, 2010, with no reservation for an award of attorney's fees, the appeal period ran 14 days later, on May 27, 2010, with no notice of appeal having been filed. Accordingly, the Notice of Appeal filed on August 17, 2010 was late, leaving us without jurisdiction to hear the appeal in this case.

Debtor's argument raises an interesting procedural question. Civil Rule 54 deals with judgments, costs and attorney's fees. Civil Rule 54(a)-(c) concern the form and content of judgments. Civil Rule 54(d)(1) and (2) concern claims for costs and attorney's fees. Specifically, Civil Rule 54(d)(2)(A) provides that a "claim for attorney's fees ... must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Rule 7054, applicable in adversary proceedings in bankruptcy, provides in section (a) that "[Civil] Rule 54(a)-(c) ... applies in adversary proceedings." Rule 7054(b) goes on to address the allowance of costs in adversary proceedings. However, Rule 7054 is silent as to the procedure for requesting allowance of attorney's fees in adversary proceedings. Unfortunately, there is no Advisory Committee Note to Rule 7054 providing any rationale for the omission to incorporate Civil Rule 54(d) for adversary proceedings. 10 *Collier on Bankruptcy* ¶ 7054.RH (Alan N. Resnick and Henry J. Sommer eds., 16th ed. 2010).[3]

Rule 7008(b), discussed in greater detail below, requires that a request for attorney's fees be pled as a claim in a complaint, but it does not shed any light on whether such a claim must be proven at trial or left for determination on application or motion following the trial. Certain-

---

**3.** We suggest that the Judicial Conference's Advisory Committee on Bankruptcy Rules may want to address this apparent "gap" in Rule 7054.

ly, a claim for attorney's fees could be a subject for the presentation of evidence at trial, but arguably, judicial economy is better served by leaving determination of a reasonable fee award to the prevailing party to follow the trial, when a complete time itemization can be presented to support the fee claim. As with Rule 7054, there is no Advisory Committee Note to Rule 7008(b) giving any procedural guidance as to how to deal with claims for attorney's fees beyond the pleading stage.

The Local Rules of Practice for the United States Bankruptcy Court for the Eastern District of California do not include any rule(s) for pursuing a claim for attorney's fees.[4]

In this appeal, we do not face the situation confronted by this Panel and the Ninth Circuit in *In re Slimick*, where the unappealed order entered in advance of the later judgment included a complete adjudication of the matters at issue. *In re Slimick*, 928 F.2d at 307–08. The Judgment simply does not address Appellant's attorney's fee claim, even though Appellant's counsel mentioned the claim for attorney's fees in her opening statement at the trial. If the bankruptcy court considered the Judgment to be a complete adjudication of the issues between Appellant and the Debtor, it could have so stated at the beginning of the hearing on the Fee Motion. Instead, the bankruptcy court heard argument and based its decision to dismiss the Fee Motion on its conclusion that the Complaint did not state a claim for attorney's fees.

In these circumstances, we conclude that no provision of the Rules proscribed the Appellant's request for an award of attorney's fees through the Fee Motion following the trial of the Adversary Proceeding. The bankruptcy court documented its final determination of the Fee Motion in the Minute Order entered on August 13, 2010. Appellant filed its Notice of Appeal of the Minute Order on August 17, 2010, well within the 14 day appeal period mandated by Rule 8002(a). Accordingly, we conclude that Appellant's appeal is timely.

## II. *The Complaint provided adequate notice to Debtor of Appellant's attorney's fee claim.*

■ Since the decision of the Supreme Court in *Travelers Cas. & Sur. Co. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007), the allowance of claims for attorney's fees in bankruptcy generally is recognized as governed by state law. *Id.* at 450–51, 127 S.Ct. 1199. This is particularly true in exception to discharge cases, such as the Adversary Proceeding, where the litigation ordinarily has no direct impact on the bankruptcy estate.[5]

■■ Under the American Rule, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from

---

4. In contrast, Rule 293(a) ( [Civil Rule] 54) of the Local Rules of the United States District Court for the Eastern District of California provides that, *"Motions* for awards of attorneys' fees to prevailing parties pursuant to statute shall be filed not later than twenty-eight (28) days after entry of final judgment." (Emphasis added.)

5. Before the Supreme Court, the appellee Pacific Gas & Electric Co. ("Pacific") argued that allowance of unsecured contract claims for postpetition attorney's fees was proscribed

by § 506(b). The Supreme Court declined to address that argument because it had not been raised by Pacific before the bankruptcy court or earlier in the appeal process. *Id.* at 454–56. Whatever the merits of that argument in a claim allowance contest, it has no application in litigation over whether a claim should be excepted from the debtor's discharge, as in the Adversary Proceeding. *See Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). However, this general rule can be overcome by statute or by an "enforceable contract" allocating attorney's fees. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). *See also Busson–Sokolik and Prag v. Milwaukee Sch. of Eng'g (In re Busson–Sokolik)*, 635 F.3d 261, 267–68 (7th Cir.2011). In California, § 1021 of the California Code of Civil Procedure provides exactly that:

> Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties....

*See, e.g., Aozora Bank, Ltd. v. 1333 North Cal. Blvd.*, 119 Cal.App.4th 1291, 15 Cal. Rptr.3d 340, 341 (2004).

In this case, Appellant relies on the provisions for attorney's fees in the Promissory Note and Guarantee, as discussed above, supported by the provisions of the Replacement Guaranty that 1) the provisions of the Promissory Note and Guarantee would "remain in full effect," and 2) the Debtor agreed to accept responsibility for all liability under the Promissory Note and Guarantee. Appellant's claim for attorney's fees accordingly arises out of the terms of the parties' written contracts. Appellant argues that once it prevailed on its § 523(a)(2)(B) claim, the agreements entitled it to a judgment enhanced by its attorney's fees generated to establish and collect its claim.

The bankruptcy court dismissed Appellant's Fee Motion based on its determination that Appellant did not state a claim for attorney's fees in its Complaint consistent with the requirements of Rule 7008(b). Rule 7008 sets forth general rules for pleadings in adversary proceedings in bankruptcy. Rule 7008(b) states that, "A request for an award of attorney's fees shall be pleaded as a claim in a complaint...."[6] However, Rule 7008(a) provides that Civil Rule 8 generally applies in adversary proceedings. Civil Rule 8 lays out general rules for pleading in litigation in federal court. Civil Rule 8(a)(2) provides that a claim for relief must contain no more than "a short and plain statement of the claim showing that the pleader is entitled to relief...."

The pleading provisions in the Civil Rules are intended to provide parties with adequate notice of the opposing party's claims or defenses.

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the [Civil] Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.... Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the [Civil] Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.... The [Civil] Rules reject the approach that pleading is a game of skill in which one misstep

**6.** It is not clear from the transcript of the hearing on the Fee Motion whether the bankruptcy court dismissed it because Appellant did not state a claim for attorney's fees in its "First Claim for Relief" or because Appellant

did not include a separate "Second Claim for Relief," specifically addressing its claim for attorney's fees. *See* Hr'g Tr. (Aug. 3, 2010) at 10–12.

by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Securities Investor Prot. Corp. v. Capital City Bank (In re Meridian Asset Mgmt., Inc.),* 296 B.R. 243, 249 (Bankr.N.D.Fla.2003).

▮▮▮▮ Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555, 127 S.Ct. 1955, and must be adequate to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). However, dismissal on the pleadings is appropriate only if the complaint fails to plead facts sufficient "to raise a reasonable expectation that discovery will reveal evidence" supporting relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. at 556, 127 S.Ct. 1955.

▮▮▮ In this appeal, the Complaint clearly stated in its first paragraph that Appellant sought an award of attorney's fees from the Debtor. In Paragraph 1 of the Complaint, Appellant identified the Promissory Note as a basis for its claim. In Paragraph 7 of the Complaint, Appellant referenced the Debtor's execution of the Replacement Guarantee. In Paragraph 10 of the Complaint, Appellant noted that it previously filed a complaint against the Debtor in the Marin County Superior Court seeking damages including attorney's fees. In its First Claim for Relief in the Complaint, Appellant realleged the first 18 paragraphs of the Complaint, including Paragraphs 1, 7 and 10. Finally, in its Prayer for Relief, Appellant requested a judgment for damages "including principal, accrued and accruing interest, costs, and attorney's fees." In these circumstances, the Debtor cannot have been surprised that Appellant was asserting a claim for attorney's fees in the Complaint.

The Debtor expressed no such surprise. Indeed, in his Answer to the Complaint, the Debtor included a claim for an award of reasonable attorney's fees in his prayer for relief (without stating such a claim in any other part of the Answer). The Promissory Note, Guarantee and Replacement Guarantee do not provide for any right to attorney's fees for the Debtor. However, in an action based on such agreements, California Civil Code § 1717(a) provides reciprocal rights to attorney's fees for the prevailing party. Cal. Civ.Code § 1717(a); [7] *Kachlon v. Markowitz,* 168 Cal.App.4th 316, 85 Cal.Rptr.3d 532, 556 (Cal.Ct.App.2008) (affirming the statute makes "unilateral attorney fee clauses reciprocal"); *Brittalia Ventures v. Stuke Nursery Co., Inc.,* 153 Cal.App.4th 17, 62 Cal.Rptr.3d 467, 477 (2007) (statute "prevents the oppressive use of one-sided attorney fee provisions"). We conclude that it is unlikely that the Debtor would assert a right to reasonable attorney's fees in these circumstances without being aware that Appellant was seeking attorney's fees

---

7. Cal. Civ.Code § 1717(a) provides:

In an action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

against him, based on provisions of the Promissory Note and the Replacement Guarantee.

In addition, in his opposition to the Fee Motion and at the hearing on the Fee Motion, the Debtor made several arguments opposing the fee award requested by Appellant, including unreasonableness of the amount requested, but never asserted that he did not receive notice of Appellant's claim for attorney's fees from the Complaint.

There are few case authorities that deal with the adequacy of pleadings to assert a claim for attorney's fees for purposes of Rule 7008(b). The Debtor cites *Garcia v. Odom (In re Odom)*, 113 B.R. 623 (Bankr. C.D.Cal.1990). In *Odom*, the bankruptcy court deemed the plaintiffs' claim for attorney's fees insufficient under Rule 7008(b) because it only was included in the plaintiffs' prayer for relief, rather than in the body of the complaint. *See also Hartford Police F.C.U. v. DeMaio (In re DeMaio)*, 158 B.R. 890, 891–93 (Bankr.D.Conn.1993).

In *Ramsey v. Countrywide Home Loans, Inc. (In re Ramsey)*, 424 B.R. 217 (Bankr.N.D.Miss.2009), the plaintiff relied on an even more problematic basis to assert his attorney's fee claim: he requested an award of attorney's fees in final argument at the trial in conjunction with a motion for leave to amend his complaint accordingly, where the complaint did not include any request or claim for attorney's fees at all. The bankruptcy court denied his motion and his plea for attorney's fees based on Rule 7008(b). *Id.* at 226.

This case is distinguishable from both *Odom* and *Ramsey* because Appellant's claim for attorney's fees is stated in the preamble and referenced in the body of the Complaint as well as in the Prayer for Relief. Supporting factual allegations are included in various paragraphs in the body of the Complaint.

The Debtor also argues that Appellant's Complaint is deficient in that Appellant's claim for attorney's fees is not pled with sufficient specificity under Civil Rule 9(g), citing *United Indus., Inc. v. Simon–Hartley, Ltd.*, 91 F.3d 762 (5th Cir.1996); *Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*, 474 F.2d 840 (3d Cir. 1973); and *Botosan v. Fitzhugh*, 13 F.Supp.2d 1047 (S.D.Cal.1998). These authorities stand for the general proposition that claims for attorney's fees are claims for "special damages" that must be specifically pleaded under Civil Rule 9(g).[8] Under Rule 7009, all of Civil Rule 9 applies in adversary proceedings in bankruptcy.

■■■■ The Debtor did not refer to either Civil Rule 9(g) or Rule 7009 in his opposition to the Fee Motion or at the hearing on the Fee Motion. Ordinarily, we do not consider arguments that were neither raised nor addressed before the bankruptcy court. *See Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 168–69, 125 S.Ct. 577, 160 L.Ed.2d 548 (2004). However, we can consider an argument not raised specifically before the bankruptcy court as a matter of discretion, and we will do so here. *See, e.g., Hi–Tech Communications Corp. v. Poughkeepsie Bus. Park, LLC (In re Wheatfield Bus. Park, LLC)*, 308 B.R. 463, 466 (9th Cir. BAP 2004) (recognizing discretion to consider argument raised for first time on appeal if issue is matter of law and either does not depend on the factual record or the pertinent record has been fully developed).

---

8. Civil Rule 9(g) provides: "If an item of special damage is claimed, it must be specifically stated." The Ninth Circuit has not yet specifically addressed whether claims for attorney's fees are items of special damage.

What the authorities cited above seem to be saying about claims for attorney's fees as special damages is that the claimant can receive no more than it pleads for specifically. In other words, if an attorney's fee claim is asserted generally in a complaint, the prevailing claimant will be entitled to the reasonable fees generated in prosecuting that complaint, but will not be entitled to a further award for fees generated in related proceedings, for example. *See Maidmore Realty Co., Inc.,* 474 F.2d at 843. The Debtor raised the substance of this argument before the bankruptcy court in opposing Appellant's request for attorney's fees to the extent it included fees generated in prosecuting Appellant's action in the Marin County Superior Court against the Debtor, among other things. This is an argument that can be renewed on remand, but it does not preclude Appellant from asserting the general claim for attorney's fees in the Adversary Proceeding that is articulated in the Complaint.

We ultimately conclude that the Complaint, from its preamble through the Prayer for Relief, included adequate information and supporting factual allegations to provide the Debtor with notice that Appellant was asserting a claim for attorney's fees against the Debtor in the Adversary Proceeding based on the provisions of the Promissory Note and the Replacement Guarantee. Rule 7008(b) requires no more, and the bankruptcy court erred in concluding that it did.

## CONCLUSION

For the foregoing reasons, we VACATE the bankruptcy court's dismissal of Appellant's Fee Motion and REMAND for the bankruptcy court to determine an appropriate fee award to Appellant as the prevailing party in the Adversary Proceeding.